SAMUEL, Judge.
Plaintiff, a plumber, filed this suit against K & G Contractors, a partnership, and its individual partners to recover $315 for labor and materials used in installing plumbing in the I. J. Wactor residence under construction in Belle Chasse, Louisiana. The petition alleges the work was done at the request of K & G Contractors.
Defendants filed exceptions of no right or cause of action and an answer to plaintiff’s petition. In the exceptions they aver the petition fails to allege any privity of contract between plaintiff and defendants under which the latter can be held liable. In the answer they admit plaintiff performed plumbing work in the Wactor residence but aver the work was finished only to Wactor from whom defendants “ * * have not received the sums under the contract for the payment of any subcontractors.” Defendants also filed a third-party petition against Wactor seeking judgment over against him in the event defendants were cast on the original demand.
Wactor filed an answer to the third-party petition in which he averred the pendency of a suit between him and the original defendants in the Twenty Fifth Judicial District Court of the Parish of Plaquemines involving the construction of the residence in question. He also filed an exception of lis pendens based on the Plaquemines Parish suit.
The trial court maintained the exception of lis pendens and dismissed the third-party demand after Wactor had introduced in evidence certified copies of the pleadings in the Plaquemines Parish suit between him and the third-party plaintiffs. Thereafter trial was held on the merits of the original demand. Defendants re-urged their exceptions of no cause or right of action immediately following the conclusion of plaintiff’s presentation of his case. Without the presentation of any evidence by the defendants, the trial judge then maintained those exceptions and dismissed plaintiff’s suit at his cost. Plaintiff has appealed. Defendants have not appealed but they have answered plaintiff’s appeal seeking reversal of that part of the judgment which maintains the exception of lis pendens and dismisses their third-party demand against Wactor.
The evidence offered by plaintiff consisted of his testimony, the testimony of Delton J. Lejeune, a plumbing inspector for the Parish of Plaquemines, and the latter’s report of his plumbing inspection of the Wactor residence.
Plaintiff testified as follows: A Mr. Lincoln of K & G Contractors telephoned him and inquired if he would like to submit a bid on the plumbing work. Upon plaintiff replying that he would he was asked to meet with Lincoln and a Mr. Welsh, another K & G employee. He met those two men at the site of the Wactor construction and they showed him a sketch or floor plan which plaintiff took with him. The work to be done consisted only of the underground portion of the plumbing, installing waste lines for toilets, sinks and lavatories. That night plaintiff informed Lincoln he would do the work for *178 $265. At Lincoln’s request he agreed to begin work the next day. At the Wactor residence the following day plaintiff discovered the cost of his work would be increased by $50 because of some copper tubing which had to be installed under the slab. He spoke by telephone with a Mr. King, also an employee of K & G Contractors, who approved the additional work and cost. Plaintiff performed the work and was never paid despite repeated demands.
Lejeune, the plumbing inspector, testified the underground plumbing had been installed satisfactorily and that the general contractor on the Wactor job, as was also shown on his report, was K & G Contractors.
Plaintiff contends that, because his demand on the verbal contract is for an amount less than $500, under LSA-C.C. Art. 2277 his uncontroverted testimony is sufficient to establish a prima facie case. The article reads:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” LSA-C.C. Art. 2277.
We agree with this contention. Generally, uncontroverted testimony should be accepted as true in the absence of a showing of falsity or unreliability. Campo v. LaNasa, La.App., 173 So.2d 365 (on rehearing) and authorities cited therein. In the instant case the record as now made up contains no suggestion that plaintiff’s testimony is either false or unreliable. Further, the requirement of Article 2277, that claims under $500 may be established by “competent evidence”, may be satisfied by the testimony of a plaintiff alone. See Donahue v. McKendrick, La.App., 111 So.2d 372; Berges v. Daverede, 50 La.Ann. 765, 23 So. 891.
Defendants contend plaintiff failed to prove either Lincoln or King had authority from defendants to negotiate the contract, or that the defendant contractor was in fact a partnership. In our view once the plaintiff has presented a prima facie case, and we are satisfied he has done so in this instance, it becomes incumbent upon the defendants to rebut plaintiff’s evidence if they can. The alleged lack of evidence about which defendants complain concerns facts known to them and properly should be introduced by them as rebuttal evidence. And this is quibbling insofar as concerns the question of whether K & G Contractors is a partnership. The answer, filed by the two individuals alleged by plaintiff’s petition to be partners, admits that those individuals do business as K & G Contractors and does not deny the petition’s partnership allegation.
Accordingly, we must annul and set aside the judgment maintaining the exceptions of no right or cause of action and remand the case for the purpose of completing the trial on the merits and of giving the defendants an opportunity to defend.
Now, addressing ourselves to defendants’ answer to the appeal, we note that LSA-C.C.P. Art. 2133 provides that an answer to an appeal must be filed not later than fifteen days after the return day or the lodging of the record, whichever is later. Here the return day was March 8, 1968 and the record was lodged in this court on the same day. Defendants’ answer to the appeal was not filed until May 27, 1968. The answer therefore was filed too late and cannot be considered.
For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered that this matter be remanded to the trial court for further proceedings consistent with the views *179 herein expressed; costs of this appeal to be borne by the defendants-appellees; all other costs to await a final disposition.
Annulled, set aside and remanded.