249 So.2d 282 (1971)
Leo DEVALL, Individually, etc.
v.
STATE FARM MUTUAL INSURANCE COMPANY et al.
No. 8354.
Court of Appeal of Louisiana, First Circuit.
May 31, 1971.
Rehearing Denied June 30, 1971.
*283 Henry B. Bruser, III, and Bert K. Robinson, of Wray, Simmons & Robinson, Baton Rouge, for appellant.
Horace C. Lane, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
This is a devolutive appeal taken by plaintiff from a judgment dismissing plaintiff's suit against defendant. The dispositive issue presented by this appeal is whether defendant constituted the omnibus insurer of the minor, Kenneth Hulsey, who was driving an automobile when it was involved in an accident resulting in plaintiff's minor son sustaining injuries while a passenger therein. For the reasons hereinafter set out, we affirm the judgment of the trial court.
The trial court's Written Reasons for Judgment adequately summarize the factual situation involved in this litigation from which we quote:
"The present suit is brought by the father of Richard Devall for injuries sustained by Richard in an automobile collision on January 9, 1968, when he was a passenger in a 1967 Volkswagon [sic] driven by Kenneth Hulsey. The collision occurred when the automobile was driven off the highway into a telephone pole. One youth was killed and several of the occupants of the car were severely hurt, including young Devall. Named originally as defendant was State Farm Mutual Automobile Insurance Company, the alleged omnibus insurer of the Volkswagon [sic]; however, because of State Farm's denial of coverage, Hardware Mutual Insurance Company was impleaded into the suit as the uninsured motorist insurer of Devall. Prior to trial, Hardware settled their claim with the plaintiff and obtained a restrictive release and dismissal of the action as against them.
"The only serious question presented by this law suit is raised by State Farm's denial of coverage. They contend that there was no permission, either actual or implied, granted by the named insured, George Louis Joiner, and therefore, under the terms of the omnibus provision of the policy there is no coverage. * * *
"It appears from the evidence that the Volkswagon [sic] was obtained in a trade-in and George Louis Joiner, the named insured, was making payments on the car at the time of the accident. The title to the car was in his name; however, it appears that the automobile was generally operated and maintained by young Joiner. Sometime before the accident in question he took the car to college in Mississippi and it was understood that he had the use of the car for his purposes while there. Nonetheless, *284 young Joiner and his father and mother testified that he was strictly and expressly told by his father on numerous occasions not to allow anyone else to use the car. However, it appears that on the night of the accident, and on at least one prior occasion by his own admission, he granted permission to Kenneth Hulsey to use the car to go with some other students to an eating establishment. It was understood between Joiner and Hulsey that the latter and his passengers would fill the tank as a `favor' for the use of the automobile. Upon returning from a sojourn at a favorite local `watering place' at Osyka, Mississippi, the wreck occurred wherein young Devall was injured. * * *
"* * * In the opinion of the Court, the evidence herein shows no such open end authority or consent. On the contrary, it appears there was ample testimony from the members of the Joiner family reflecting that Kenneth Joiner had been told implicitly and repeatedly that he was not to allow anyone else to use the automobile. The strongest evidence in favor of a showing that this policy may have been tacitly waived by the father, thus amounting to an implied permission, was his testimony that previously he suspected that his son had loaned the car and warned him about any such reoccurrence [sic]. The Court is of the opinion that on this point the plaintiff has fallen short of evidence sufficient to sustain the burden of proof required of him, as stated in Holden v. Transamerica Insurance Co. [222 So.2d 302 (La. App. 1st Cir. 1969)], supra." (Written Reasons for Judgment, Record, pp. 22, 23, 25, 26)
We have reviewed the record and discerned no manifest error committed by the trial judge in his findings of fact as set forth above, and in particular his finding that the named insured was paying for the vehicle involved in the accident and that the named insured repeatedly expressly admonished his son not to loan the vehicle to anyone, which restriction was fully understood and appreciated by the named insured's minor son and was rigidly adhered to by the named insured. The record contains ample evidence to support these findings, which findings involved the evaluation by the trial court of the credibility of the witnesses. (Record, pp. 74, 75, 97, 101, 104, 111, 113)
Appellant contends, however, that because the record allegedly contains facts and circumstances supporting or inferring the existence of implied permission by the named insured to Kenneth Hulsey to use the vehicle, the burden of proof shifts to the defendant to negate such implied permission from facts peculiarly within the defendant's own knowledge, relying on Tolar v. K. & G. Contractors, 214 So.2d 176 (La.App. 4th Cir. 1968). The Tolar case is merely authority for the general proposition that once plaintiff has established a prima facie case, it becomes incumbent on the defendant to rebut plaintiff's evidence if the defendant can.
Appellant's contention in this regard is without merit. In the first place, the evidence adduced by plaintiff failed to establish the requisite prima facie case so as possibly to justify application of such a general principle as enunciated in Tolar v. K & G Contractors supra, assuming arguendo the correctness thereof. It is unnecessary for this Court to pass upon the correctness of the alleged legal principle of the Tolar case, which arose in a factual situation different from that involved in the instant case. The rule concerning the burden of proof applicable to the question of omnibus insured status and permissive use has been repeatedly specifically stated to be that in a suit on the omnibus clause of an automobile liability policy plaintiff has the burden of proving that the vehicle was being used with the express or implied permission of the named insured, Holden v. Transamerica Insurance Company, 222 So.2d 302 (La.App. 1st Cir. 1969); Scoggins v. Agricultural Insurance Company, 161 So.2d 438 (La.App. 4th Cir. 1964); *285 Abshire v. Audubon Insurance Company, 99 So.2d 395 (La.App. 1st Cir. 1957).
We are, accordingly, here reviewing a case where the alleged omnibus insured driver borrowed an automobile from the minor son of the named insured, which automobile was under the general control and supervision of the minor son of the named insured, but which control and supervision was expressly restricted by the named insured in that his minor son was not to let anyone else use the automobile.
The general rule applicable to such a situation is that the minor child of the named insured, be he or she classified either as an additional insured as a resident relative of the named insured's household or as first permittee, cannot violate the express restriction by the named insured by permitting another to use the insured vehicle so as to cause such user to become an omnibus insured, Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961); Comeaux v. Miller, 195 So.2d 168 (La.App. 1st Cir. 1967); Anderson v. Adams, 148 So.2d 347 (La.App. 1st Cir. 1962), certiorari denied, 244 La. 120, 150 So.2d 585; Coco v. State Farm Mutual Automobile Insurance Company, 136 So.2d 288 (La.App. 3rd Cir. 1961), certiorari denied.
Appellant argues that there is exception to this rule, namely: where despite the existence of an express prohibition communicated by the named insured to the first permittee or the named insured's minor child, omnibus insured status and permissive use, nevertheless, exist if the use by the so-called second permittee (the person using the automobile pursuant to permission from the first permittee or minor son) benefits either the named insured or first permittee or minor child of the named insured. In support of this position appellant cites Smith v. Insurance Company of the State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir. 1964), and Thomas v. Peerless Insurance Company, 121 So.2d 593 (La.App. 2nd Cir. 1960). Appellant contends that this exception is applicable for the reason that the alleged second permittee and omnibus insured, Kenneth Hulsey, agreed to fill the gasoline tank of the insured vehicle, thus benefiting the first permittee or minor child of the named insured, Kenneth Joiner.
Appellant is in error, however, for the reason that the cited cases are authority for the stated proposition only where the use by the so-called second permittee benefits the named insured alone, as distinguished from the first so-called permittee:
"If an original permittee has general use and control of a vehicle but is prohibited from permitting its use by another, a third party or second permittee using the vehicle with permission of the original permittee may nevertheless be covered provided his use serves some purpose, benefit or advantage of the named insured. Thomas v. Peerless Insurance Company, La.App., 121 So.2d 593. (Emphasis supplied by the court.)" (Smith v. Insurance Company of the State of Pennsylvania, 161 So.2d at 914)
The record in this case utterly fails to establish how the use of the insured vehicle by Kenneth Hulsey in any way benefited the named insured (George Louis Joiner), with the result that this exception to the general rule is not applicable to the instant case.
Appellant also relies on the Louisiana Supreme Court case of American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), for the proposition that under the facts of the case Kenneth Joiner legally occupies the position of named insured clothed with all of the authority and rights which the actual denominated named insured of defendant possessed, and with the further result that Kenneth Joiner, by expressly permitting Kenneth Hulsey to use the insured vehicle, rendered unto the latter the status of omnibus insured (first permittee).
Appellant's contention in this regard is likewise without merit, for the reason that the pronouncement by the Louisiana Supreme *286 Court in Czarniecki covers only the situation where the minor child of the named insured has broad, free and unrestricted use of the insured vehicle:
"Although Jesse G. Waters was the named insured, the permission and authority delegated by him to Randy for the use of the car was so broad and so free of restrictions that it may safely be said that Waters delegated to Randy whatever authority he had to grant permission to others to drive the car. This circumstance, together with the uncontested fact that the automobile was paid for by Randy and the cost of its maintenance and operation was entirely borne by him from his earnings, places Randy in the position of the named insured clothed with all of his authority and rights under the policy." (American Home Assurance Company v. Czarniecki, 230 So.2d at 256)[1]
In the instant case the evidence reflects that the named insured's minor son, Kenneth Joiner, did not enjoy such broad, free and unrestricted use of the automobile, thereby making this rule of Czarniecki inapplicable.
The second type of exception to the general rule negating omnibus insured status to a so-called second permittee where the so-called first permittee or minor child of the named insured is governed by a restriction communicated by the named insured against proscribing use of the vehicle by others is where the so-called first permittee or minor child of the named insured violates the restriction to the knowledge of the named insured who makes no significant protest. In such situations the named insured is held to have impliedly consented to such use by such so-called second permittee and the second permittee occupies the status of omnibus insured. See Smith v. Insurance Company of the State of Pennsylvania, 161 So.2d 903, 914 (La.App. 1st Cir. 1964).
In the instant case, while the named insured alluded to knowing that his son had permitted another to use an insured vehicle two years before the accident in question, the named insured testified that he protested such violation of his restriction and admonished his son not to violate it again. (Record, p. 81) The trial court committed no error in concluding that this second type of exception to the general rule was not applicable to the instant case.
A third exception to the aforementioned general rule is where despite the existence of the express proscription, the facts present a situation where it can reasonably be implied that the named insured nevertheless granted permission to the so-called second permittee, such as in an emergency situation where the first permittee requests that the second permittee operate the vehicle, see Brooks v. Delta Fire and Casualty Company, 82 So.2d 55 (La. App. 1st Cir. 1955), certiorari denied. Although the Brooks opinion contains broad statements relative to the scope of the omnibus insured clause, on which appellant relies, subsequent cases have criticized these broad pronouncements and have restricted the applicability of Brooks to its facts, see Rogillio v. Cazedessus, 214 La. 186, 127 So. 2d 734, 737, 738 (1961); Smith v. Insurance Company of the State of Pennsylvania, 161 So.2d 903, 914, 915 (La.App. 1st Cir. 1964), Coco v. State Farm Mutual Automobile Insurance Company, 136 So.2d 288, 294 (La. App. 3rd Cir. 1961), certiorari denied.
*287 Brooks is factually inapposite to the instant case and appellant's reliance thereon is erroneous.
Inasmuch as the facts of the instant case support application of the general principle discussed above precluding omnibus insured status and the instant case fails to fall within any of the recognized exceptions to such general principle, the judgment of the trial court in favor of defendant, based on the finding and conclusion of lack of omnibus insured status on the part of Kenneth Hulsey, is affirmed, with all costs assessed to appellant.
Affirmed.
NOTES
[1] A similar conclusion and rationale was pronounced in Garland v. Audubon Insurance Company, 119 So.2d 530 (La.App. 1st Circuit 1960), a case where the person operating the vehicle obtained permission from the wife of the named insured, who was separated, in fact, from the named insured and who had full control over an unrestricted use of the insured vehicle. Commenting upon Garland, the Louisiana Supreme Court in Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961), stated that the wife who granted permission to another to use the car "was for all intents and purposes the named insured," 127 So.2d at 738.