415 So.2d 249 (1982)
Carl BUTLER, Individually and as Administrator of His Minor Sons, Brandon Butler and Jarred Butler & Linda Butler, Individually, Plaintiffs-Appellees,
v.
Alfred C. PARDUE and Commercial Union Insurance Company, Defendants-Appellants.
No. 14839.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
Koselka, Swearingen & Street by C. Daniel Street, Theus, Grisham, Davis & Leigh by Brian E. Crawford, Monroe, for defendants-appellants.
Hamilton & Carroll by O. N. Hamilton, Jr., Oak Grove, for plaintiffs-appellees.
Before MARVIN, FRED W. JONES and SEXTON, JJ.
SEXTON, Judge.
In this cause the issue is whether the driver at fault in an automobile accident *250 was operating the automobile with the owner's permission. The trial court found that the driver did have the owner's expressed or implied permission within the meaning of the insured's insurance policy, and thus held the minor driver's father's insurer liable for the plaintiffs' injuries. The defendant insurance company has suspensively appealed. The defendant, Alfred C. Pardue, father of the minor driver of the automobile did not appeal. We amend and as amended, affirm.
The facts are undisputed. On September 2, 1980, plaintiff-appellee, Linda S. Butler, was operating a 1976 Chevrolet pickup truck owned by her and her husband. The vehicle was being driven in an easterly direction on Marietta Street in Oak Grove, Louisiana. The plaintiff's minor sons, Brandon and Jarred, were also occupants of the vehicle. When the Butlers' vehicle reached the intersection of Marietta and Jarson Streets, it was struck by a 1976 Ford Maverick owned by Casey McPherson of Bastrop, Louisiana. The vehicle was being operated by Julie Pardue, minor daughter of the defendant, Alfred C. Pardue. At the trial below it was stipulated by all parties that the accident was caused by the negligence of Julie Pardue in that she failed to stop at the "STOP" sign that governs traffic on Jarson Street. As a result of the collision the plaintiff Carl Butler sued for the damage to the pickup truck and, as administrator of the estate of his minor sons, he claimed damages for their personal injuries. The plaintiff, Linda S. Butler, claimed damages for her own pain and suffering as well as for loss of earnings.
The defendant insurer contends that at the time of the accident, Julie Pardue was operating the vehicle without the permission, expressed or implied, of the owner and thus under the provisions of its policy the defendant insurance company owes no liability.
The trial court held that Julie Pardue had the implied permission of Casey McPherson, the owner of the vehicle, to operate the automobile within the meaning of the insurance policy held by Mr. Pardue. The court therefore held that the defendant insurer, Commercial Union Insurance Company, was liable to the plaintiffs in the following amounts:
1. THREE THOUSAND AND NO/100 ($3,000.00) DOLLARS to plaintiff, Linda S. Butler for pain and suffering,
2. THREE THOUSAND SEVEN HUNDRED EIGHTY-ONE AND 12/100 ($3,781.12) DOLLARS to plaintiff Linda S. Butler for lost wages,
3. TWO THOUSAND SEVEN HUNDRED AND NO/100 ($2,700.00) DOLLARS for property loss,
4. EIGHT HUNDRED ONE AND 43/100 ($801.43) DOLLARS for medical expenses, and
5. SEVEN HUNDRED FIFTY AND NO/100 ($750.00) DOLLARS and FIVE HUNDRED AND NO/100 ($500.00) DOLLARS to Carl Butler as administrator for Brandon and Jarred Butler, respectively, for personal injuries.
On appeal, the defendant, Commercial Union Insurance Company, alleges three specifications of error: (1) that the trial court erred in holding that Julie Pardue had implied permission from the owner to drive the 1976 Ford Maverick automobile, and in therefore holding Commercial Union Insurance Company liable to the plaintiffs, (2) that it was error to award lost wages to the plaintiff, Linda S. Butler, based upon the balance of the school year, and (3) that the trial court erred in awarding the sum of Five Hundred and No/100 ($500.00) Dollars for personal injuries suffered by Jarred Butler when, in fact, the plaintiffs have failed to prove that the minor suffered any compensable damages.
First we will address the issue of permission. From the record of the evidence and testimony adduced at the hearing, it appears that on September 2, 1980, Joan McPherson, the daughter of the owner of the automobile, used the automobile, with her father's permission to go to the nearby town of Oak Grove, Louisiana, where her boyfriend was incarcerated. Accompanying *251 Miss McPherson was Julie Pardue. Joan McPherson drove the car to Oak Grove and parked it at the courthouse. Both young ladies went into the courthouse and obtained admittance to the jail where they visited with Miss McPherson's boyfriend. After a few minutes, Miss Pardue desired to leave and get soft drinks for Miss McPherson and herself. The testimony of both Miss Pardue and Miss McPherson establishes that Miss McPherson, somewhat reluctantly, gave Miss Pardue the keys to the Maverick and told her to be careful and to come right back. Miss Pardue successfully operated the vehicle only three blocks before becoming involved in the collision with the Butler vehicle.
Upon reaching the scene of the accident, apparently Miss McPherson told Miss Pardue that she should not have used the vehicle. However, Miss McPherson testified at the hearing below that she did give Miss Pardue permission to use the automobile.
At the outset, the two girls collaborated and constructed an account of the accident which required Miss Pardue to state that she took the car without permission. This story was told to Mr. McPherson in order that Joan McPherson would not get into trouble with her father. The insurance investigators who interviewed the girls regarding the accident were also given the fictional account of the circumstances of the collision. The girls later recanted and told their parents the truth. At the hearing below each girl testified that they had previously lied but that the testimony they were giving to the court was the absolute truth. On appeal, our review of the record reveals that the testimony of the girls is vague and seemingly inconsistent at times. However, the trial court observed the witnesses as they responded to questions on direct and cross examination and based on these observations determined that the girls were then telling the truth. We find that this factual determination by the trial court is supported by the evidence presented and further that such a determination cannot be categorized as being clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mr. McPherson testified that he knew that his daughter often allowed her friends to drive other family vehicles which she was permitted to use and further that he did not discipline her for allowing others to operate these vehicles, although he stated he regularly told her not to allow others to drive the vehicles. However, with regard to the Maverick, since he had owned it for only one month he testified that to his knowledge none of his daughter's friends had operated that particular vehicle. However, in a deposition taken of Mr. McPherson and made part of the record the following discourse took place between Mr. McPherson and Mr. Hamilton, the counsel for the plaintiffs:
Question: "So whenever she took one of the family automobiles, including this Maverick, it's your testimony that she had the authority to let other people drive it if she wanted to?"
Answer: "Yeah."
Basing his decision on the evidence included in the record, which we have thoroughly reviewed, the trial court determined that Joan McPherson had at least implied permission to let others use the Maverick automobile. We find that the evidence supports this finding and that according to Arceneaux, supra, the trial court did not commit manifest error in reaching this decision. For these reasons we affirm the trial court's finding that Julie Pardue operated the automobile with Joan McPherson's permission and further that the owner of the automobile, Casey McPherson, Joan's father, had given her at least implied authority to operate the automobile. Here as in Hughes v. Southeastern Fidelity Insurance Company, 340 So.2d 293 (La.1976), the owner knew or should have known that his express permittee would allow others to use his vehicle, thus insurance coverage is extended to the second party driver of the vehicle. In Devall v. State Farm Mutual Insurance Company, 249 So.2d 282 (La.App. 1st Cir. 1971), liability coverage was not extended to a second permittee where there was an express restriction given to the initial permittee. We agree with the trial *252 court's distinction between that case and the instant case. Here Joan was given broad and free use of all the family automobiles and was only casually warned about letting others use the automobile. For these reasons, the defendant Commercial Union Insurance Company shall be liable according to the terms of its policy with the insureds for damages suffered by the plaintiffs.
With respect to the second specification of error, i.e. that the trial court erred in awarding lost wages to the plaintiff, Linda S. Butler, based upon the balance of the school year, we find that this award was excessive.
As a result of the September 2 collision with the McPherson vehicle driven by Julie Pardue, Linda S. Butler suffered injury to her neck and shoulders, as well as various bruises. Mrs. Butler took two days sick leave from her job as a lunchroom worker and returned to work as best she could for the rest of 1980. However, she testified that she was unable to continue to perform her job as she previously had. She further stated that the pain in her neck and shoulders prevented her from lifting pans and performing other necessary work. Thus on January 30, 1981, the plaintiff resigned her position. She testified that after resigning her health began to improve and by March 1981 she was able to work again. However, her position at the school had been filled. Without inquiring, Mrs. Butler assumed she could not regain her position as a lunchroom worker. She did not seek other employment because she wanted to work the same hours her children were at school. The trial court awarded the plaintiff loss of wages from February through July, 1981, (the end of the school year), in the amount of Three Thousand Seven Hundred Eighty-one and 12/100 ($3,781.12) Dollars. We find however that since the plaintiff was physically able to rejoin the work force in March, she should recover only for the period from February 1981 through the middle of March 1981. In its computation of damages, the trial court found Mrs. Butler's monthly salary to be $540.16. We adopt that figure and award the plaintiff one and one-half months of lost wages, a total of Eight Hundred Ten and 24/100 ($810.24) Dollars. We affirm the trial court's reasons for awarding loss of earnings to the plaintiff, we disagree only with the amount. Therefore, this award shall be reduced from Three Thousand Seven Hundred Eighty-one and 12/100 ($3,781.12) Dollars to Eight Hundred Ten and 24/100 ($810.24) Dollars.
As for the appellant's specification that the trial court erred in awarding Five Hundred and No/100 ($500.00) Dollars representing injuries to three-year-old Jarred Butler, the trial court found that although young Jarred did not suffer any actual physical injury, he did suffer trauma and was upset for a period of time. The jurisprudence specifically provides that fright, fear or mental anguish while an ordeal is in progress is legally compensable. Hoffman v. All Star Insurance Corp., 288 So.2d 388 (La.App. 4th Cir. 1974). Furthermore, it is only after a finding that the lower court abused its wide discretion in determining an award of damages that the appellate court may disturb that award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Here we find no evidence that the Five Hundred and No/100 ($500.00) Dollars was excessive or that the trial court abused its discretion in making that award to the plaintiff's minor son.
For the reasons set forth, the judgment of the trial court is amended and that portion of the judgment awarding damages to plaintiff, Linda S. Butler, is recast to read as follows:
The Court finds that defendant is liable to the plaintiff, Linda S. Butler, for Three Thousand and No/100 ($3,000.00) Dollars for pain and suffering and for Eight Hundred Ten and 24/100 ($810.24) Dollars for loss of earnings.
As amended, the judgment is affirmed with costs of this appeal assessed to the defendant-appellant.