488 So.2d 1159 (1986)
Elizabeth Hope Smith SOLICE, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Robert J. LaBarbera, Defendants-Appellees.
No. 17821-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1160 Brown, Williams & Tucker by Jack A. Williams, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, Shreveport, for defendants-appellees.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
This is a suit to recover damages for personal injuries sustained in an automobile accident which occurred on May 22, 1984, in Shreveport, Louisiana. The plaintiff is Elizabeth Hope Smith Solice and the defendant is State Farm Mutual Automobile Insurance Company. Plaintiff appeals the trial court judgment rejecting her demands. Defendant neither appealed nor answered the appeal.
The assignments of error made by plaintiff present two issues for decision:
(1) Did the trial court err in finding that the vehicle in which plaintiff was injured was not being used within the scope of the consent given by the owner and for this reason had no liability coverage.
(2) Did the trial court err when it found plaintiff was not entitled to recover under the uninsured motorist portion of the State Farm policy.
Background Facts
During the first week of May, 1984, plaintiff moved into the family home of Mr. Charles Bateman and Mrs. Anne Bateman. Mrs. Bateman is a paraplegic and plaintiff was given room and board in exchange for services rendered Mrs. Bateman by helping her take care of her minor son.
The Batemans own a van and a Monza. These vehicles were insured by the defendant, State Farm, with liability and uninsured motorist coverage. The named insureds in the policy were Charles and Anne Bateman. Plaintiff frequently drove the Monza to transport the Bateman boy from school. Prior to this accident plaintiff was permitted to drive the van once and the Monza two or three times for her personal use, but was instructed not to let anyone else use the vehicles. Plaintiff agreed to follow these instructions and on one occasion *1161 pursuant to this rule refused to permit Mrs. Bateman's sister to use the Monza.
On the night of the accident plaintiff requested use of the Monza to "go out." Mrs. Bateman testified she agreed to let plaintiff use the car, but instructed her not to let anyone else drive and to return home before Mr. Bateman was due in from work. A friend of Mrs. Bateman's, Mrs. Nurdin, testified she was in the room when this conversation took place and she remembered Mrs. Bateman instructing plaintiff to let no one else drive the car. Plaintiff denied being given these instructions on this particular occasion, but admitted she knew that she was not supposed to let anyone else drive the car.
Plaintiff left the Bateman residence in the Monza and picked up Mr. Robert LaBarbera. They rode around and ultimately went to a lounge where plaintiff admittedly had too much to drink. Upon their departure from the lounge, plaintiff had Mr. LaBarbera drive because of her inebriated condition. As the two proceeded home, Mr. LaBarbera lost control of the vehicle which struck a concrete wall resulting in plaintiff's injuries.
The trial court found that plaintiff disobeyed Mrs. Bateman's instructions not to permit anyone else to drive the vehicle. The trial court found the use of the car by Mr. LaBarbera was not within the limited scope of consent given by Mrs. Bateman to plaintiff. Because the liability coverage of the State Farm policy only extends to other persons while using the car within the scope of the consent of the insured or the insured's spouse, the trial judge denied plaintiff's claim under the liability provisions. The trial court further found the uninsured motorist coverage to be inapplicable to this accident because the State Farm policy provides that an uninsured motor vehicle does not include a land motor vehicle insured under the liability provisions of the policy. Here, the Monza was insured under the liability provisions of the State Farm policy.
ISSUE NO. 1Was the Vehicle Being Used Within the Scope of the Consent Given by the Owner?
Plaintiff contends the trial court erred in finding that, on the night of the accident, Mrs. Bateman instructed her not to let anyone else drive the vehicle. Plaintiff argues she was allowed to use the vehicle for her personal use and it was being used for such when the accident occurred, although Mr. LaBarbera was driving. She further argues it was to the benefit of the Batemans that Mr. LaBarbera drive because of her inebriated condition. Plaintiff points out that under LSA-R.S. 22:655[1] it is the public policy of this state that the courts find insurance coverage unless there is clearly none. Finally, plaintiff contends that because she requested Mr. LaBarbera to drive he had Mrs. Bateman's implied consent and is an omnibus insured.
Defendant contends the trial court was correct in finding that, on the night of the accident, Mrs. Bateman instructed plaintiff not to let anyone else drive the vehicle. Defendant points out that Mrs. Bateman and Mrs. Nurdin testified this instruction was given on the night of the accident. Defendant further points out plaintiff admitted she knew not to let anyone else drive the vehicle. Therefore, defendant contends that Mr. LaBarbera was not operating the vehicle with the consent of Mr. or Mrs. Bateman and plaintiff is not covered under the liability provisions of the policy.[2]

*1162 Applicable Law

A plaintiff who seeks to establish coverage under the omnibus clause of an automobile liability policy must prove the vehicle was being used with the express or implied permission of the named insured. Gremillion v. Goleman, 316 So.2d 810 (La. App. 1st Cir.1975); Devall v. State Farm Mutual Ins. Co., 249 So.2d 282 (La.App. 1st Cir.1971). When a first permittee of the named insured violates an express restriction by the named insured by permitting another to drive the insured vehicle such driver does not become an omnibus insured. Malmay v. Sizemore, 474 So.2d 1358 (La.App. 2d Cir.1985); DiLeo v. White, 391 So.2d 1374 (La.App. 4th Cir. 1980); writ den., 396 So.2d 1352 (1981). See American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969) and Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293 (La.1976).
There are three exceptions to this rule. The first is where the actions of the second permittee serve some purpose, benefit or advantage of the named insured. Devall v. State Farm Mutual Ins. Co., supra; Thomas v. Peerless Ins. Co., 121 So.2d 593 (La.App. 2d Cir.1960). The second exception is where the first permittee violates the restriction to the knowledge of the named insured who makes no significant protest. Butler v. Pardue, 415 So.2d 249 (La.App. 2d Cir.1982). The third exception is where despite the express restriction, the facts present a situation where it can reasonably be implied that the named insured nevertheless granted permission to the second permittee, such as in an emergency situation where the first permittee requests that the second permittee operate the vehicle. Brooks v. Delta Fire & Casualty Co., 82 So.2d 55 (La.App. 1st Cir.1955).
In the instant case, the trial judge found plaintiff was, on the night of the accident, given specific instructions not to let anyone else drive the vehicle. This factual finding is entitled to great weight and will not be disturbed on appellate review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App.) writ den., 374 So.2d 660 (La.1979). The record fully supports the fact that plaintiff was given these instructions on the night of the accident. Mrs. Bateman testified she gave plaintiff these instructions and this testimony was corroborated by the testimony of Mrs. Nurdin who testified she was present when Mrs. Bateman gave the instructions to plaintiff. Plaintiff admitted she knew she had been prohibited from letting anyone else drive Mrs. Bateman's car. The trial court's determination that the State Farm policy provided no coverage under its liability provisions because plaintiff violated Mrs. Bateman's specific instructions not to let anyone else drive the vehicle was correct. We find none of the exceptions discussed above which would require coverage in spite of the violation of the specific prohibition applicable.
ISSUE NO. 2Uninsured Motorist Coverage
Plaintiff contends the trial court erred in concluding she was not entitled to recover under the uninsured motorist provisions of the State Farm policy. She argues that if Mr. LaBarbera is not covered under defendant's omnibus clause, then he is an uninsured motorist. Plaintiff further argues that any provision in defendant's policy which excludes uninsured motorist coverage under the facts is in derogation of LSA-R.S. 22:1406(D)(1)(c) paragraph two and unenforceable.[3]
*1163 Defendant contends plaintiff is not entitled to recover under the uninsured motorist provisions because an uninsured motor vehicle does not include a vehicle insured under the liability provisions of the policy.[4] For the reasons hereinafter set forth we agree with the defendant's contention. The portion of the statute upon which plaintiff relies is only applicable after uninsured coverage is found to exist, and its purpose then is to direct which of two existing uninsured motorist coverages is primary and which is secondary.
LSA-R.S. 22:1406(D), the uninsured motorist statute, provides that automobile liability insurance, delivered or issued for delivery in Louisiana, with respect to vehicles registered or principally garaged here, shall contain coverage for the protection of insureds who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of injury, unless such coverage has been rejected. The object of the statute is to promote recovery of adequate damages for innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983); Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1982). The intent of uninsured motorist coverage is "to protect the insured at all times against the generalized risk of damages at the hands of the uninsured motorists, not to limit coverage to certain situations or to a certain degree or risk of exposure to the uninsured motorists." Elledge v. Warren, 263 So.2d 912 (La.App. 3d Cir.1972), writ den., 262 La. 1096, 266 So.2d 223 (1972).
The contemplation of the uninsured motorist statute is that the uninsured coverage is to be applicable to the driver of a vehicle other than the one identified as covered by the policy of liability insurance containing the required uninsured motorist coverage. Therefore, a policy provision which requires this result does not violate the terms of the statute.
The provision in defendant's policy, which excludes from the definition of an uninsured vehicle a vehicle insured under the liability provisions, is valid and not in derogation of the uninsured motorist statute. Nall v. State Farm Mutual Automobile Ins. Co., 406 So.2d 216 (La.1981); Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979); Moore v. Brumfield, 459 So.2d 21 (La.App. 1st Cir.1984). The trial court was, therefore, correct in concluding that plaintiff was not entitled to recover under the uninsured motorist provisions of defendant's policy.
The judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:655 provides in pertinent part:

"It is also the intent of this section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insured, whether they are named insureds or additional insured under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy."
[2] Section I of the State Farm policy issued to Charles and Anne Bateman defines insured, in pertinent part, as:

(4) "any other person while using such a car if its use is within the scope of consent of you or your spouse."
[3] R.S. 22:1406(D)(1)(c) paragraph two provides:

"With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant."
[4] The uninsured motorist provisions of the State Farm policy provide in pertinent part:

"An uninsured motor vehicle does not include a land motor vehicle
(1) insured under the liability coverage of this policy ..."