CIACCIO, Judge.
Plaintiff appeals from a summary judgment of the district court which dismissed from this suit the owner and insurer of the vehicle which struck her.
*1381 The sole issue presented for review is whether a material issue of fact exists in order to determine if the defendant operator of the vehicle was an omnibus insured under the owner’s automobile liability policy-
On December 13, 1985, at approximately 4:15 p.m., plaintiff Carlotta Cook was operating her father’s 1977 Oldsmobile in a northerly direction on Read Boulevard. She slowed the vehicle in the 7000 block of Read Boulevard and indicated a right hand turn. Her vehicle was struck from the rear by a vehicle owned by Bill Hitchcock and operated by his son-in-law, Kevin Rice. Mr. Hitchcock had a policy of automobile liability insurance with Allstate Insurance Company at the time of this accident. The insurance policy provides for coverage to the following persons:

Insured Persons

1) While using your insured auto
a) You
b) any resident, and
c) any other person using it with your permission. (Policy, p. 5-15)
The insurance policy further provides that a “resident” means the person must have physical presence in the household of the primary insured with the intention of continuing to live there. (Policy, p. 10)
Plaintiff filed this suit seeking damages for the injuries she sustained in the accident. The defendants answered the suit denying liability. Following discovery, the owner of the defendant vehicle, Bill Hitchcock and his insurer, Allstate, moved for summary judgment seeking their dismissal from the suit. The defendants alleged that Kevin Rice, the operator of the insured vehicle, was not an insured under the Allstate policy in that Rice was operating the vehicle without the permission of the owner, Bill Hitchcock. In support of their position these defendants rely upon the terms of the insurance policy and the testimony adduced at the depositions of Hitchcock and Mr. and Mrs. Kevin Rice.
Plaintiff opposed this motion for summary judgment and in support of her position also relies upon the deposition testimony. In this regard, plaintiff avers that there exists a genuine issue of material fact as to whether, at the time of the accident, Kevin Rice was operating the insured vehicle with the implied permission of its owner, Bill Hitchcock.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966.
The party seeking to establish coverage under the omnibus clause of an automobile policy must prove that the vehicle was being used with the express or implied permission of the named insured. Solice v. State Farm Mutual Auto Insurance Co., 488 So.2d 1159 (La.App., 2nd Cir., 1986); Devall v. State Farm Mutual Auto Insurance Co., 249 So.2d 282 (La.App., 1st Cir.1971). The issue of permissive use is to be determined according to the circumstances of the particular case. Malmay v. Sizemore, 493 So.2d 620 (La., 1986). In the case of Solice v. State Farm Mutual Auto Insurance, supra at 1162, the court discussed the issue of coverage under the omnibus clause of a liability insurance policy:
When a first permittee of the named insured violates an express restriction by the named insured by permitting another to drive the insured vehicle such driver does not become an omnibus insured. Malmay v. Sizemore, 474 So.2d 1358 (La.App. 2d Cir.1985); DiLeo v. White, 391 So.2d 1374 (La.App. 4th Cir.1980); writ den., 396 So.2d 1352 (1981). See American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969) and Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293 (La.1976).
There are three exceptions to this rule. The first is where the actions of the second permittee serve some purpose, benefit or advantage of the named in *1382 sured. Devall v. State Farm Mutual Ins. Co., supra; Thomas v. Peerless Ins. Co., 121 So.2d 593 (La.App. 2d Cir.1960). The second exception is where the first permittee violates the restriction to the knowledge of the named insured who makes no significant protest. Butler v. Pardue, 415 So.2d 249 (La.App. 2d Cir.1982). The third exception is where despite the express restriction, the facts present a situation where it can reasonably be implied that the named insured nevertheless granted permission to the second permittee, such as in an emergency situation where the first permittee requests that the second permittee operate the vehicle. Brooks v. Delta Fire & Casualty Co., 82 So.2d 55 (La.App. 1st Cir.1955).
In this case, the first permittee, Chere Rice, is the daughter of the defendant owner, Bill Hitchcock and the wife of the second permittee driver, Kevin Rice. She testified at her deposition that she and Kevin Rice were living together at the time of this accident and they were not living in her father’s house. She stated that she and Kevin did not have a vehicle. She worked relief at a department store in New Orleans East and she lived in Lakeview. In the daytime she would go to work by bus, but if she had to work at night she would often use her father’s truck. This was not the first time she had borrowed the truck.
On the evening in question Chere Rice went alone to her father’s house, some 6 to 8 blocks from her home, to borrow the truck. As her father was giving her the keys he told her not to let Kevin use the truck. Chere stated that she did not know the reason, at the time, but she later assumed the reason to be because Kevin had received a traffic ticket and did not have a valid driver’s license. She stated that her father’s admonition slipped her mind and she let Kevin drive her to work and thereafter use the truck to go shopping. The accident occurred about 10 — 10:30 p.m. that night. Chere Rice testified that when she was told of the accident, she then recalled her father’s warning.
Chere stated that she had to ask permission when she wanted to use the truck. She had permission given to her on the date of the accident, but the permission did not extend to Kevin. She does not believe her father would have given Kevin permission to drive the truck. She did not know if this was the first time her father said Kevin could not use the vehicle and she did not know if her father talked to Kevin about this. She also did not recall the last time, before this incident, when the two men had talked. However, Chere stated that there was no bad blood between the pair and the three parties would see each other about once a week.
Kevin Rice, the second permittee, and defendant driver, at the time of this accident, testified that within the last three years he had not resided with his father-in-law, Bill Hitchcock. He stated that he formerly had a Grand Torino automobile but the engine had failed. He had received a traffic ticket which he did not pay and as a result, his driver’s license was revoked. This was two months before this accident. Kevin stated that his father-in-law knew of the revoked license and this is why Mr. Hitchcock told his daughter that Kevin was not to use the truck. However, Kevin stated that Mr. Hitchcock had not told him of this. Kevin further stated that on the date of the accident he used the truck to drive his wife to work. He testified that at this time when he drove the truck he knew he did not have his father-in-law’s permission. Kevin also testified that on the date in question, after his wife got the truck, and before this accident, she told him her father did not want him to drive it.
Kevin Rice stated that he had kept the truck at his house on prior occasions when his father-in-law was out of town. According to Rice, prior to this accident he was not denied permission to drive the truck and he had driven it a couple of times when Mr. Hitchcock was out of town. He said that Mr. Hitchcock was aware that Kevin *1383 drove the vehicle without a license prior to this accident. However, he reiterated the fact that on the date of the accident he understood that he did not have permission to drive the vehicle.
Bill Hitchcock, the owner of the 1977 Ford pickup truck which struck plaintiffs vehicle, testified that he knew Kevin Rice for five to six years. He stated that Kevin had worked for him cutting grass and doing gardening work. He also stated that Kevin was allowed to use his truck when Kevin was working for him but not after he stopped working for Hitchcock. At that time Kevin had a license. After Kevin quit working for Hitchcock, he was told he could not use the truck.
Hitchcock testified that Kevin and Chere lived about a half mile away from him. On the date of the accident his daughter came to his house in the morning to get his truck. He instructed her that she could use the truck to go to work but she was not to let Kevin drive it. Kevin was not present at this time. He did not lend the vehicle to his daughter for her to lend it to Kevin. He stated that Chere knew of his restrictions on the vehicle’s use before the date of the accident. Additionally, Hitchcock testified that he was not talking to Kevin at the time. He stated that the two men did not get along and it had been weeks, possibly months, since they had talked. Mr. Hitchcock testified that he knew of the revocation of Kevin’s license but he did not know how he found out about this. He stated that the license revocation and the fact that Kevin was the person he was, were the reasons why he denied permission for his use of the vehicle. Hitchcock said that his daughter knew of his reasons for denying permission to Kevin and thus, he did not have to tell her why he was restricting his permission.
On the night of the accident Kevin called and advised his father-in-law of the accident. Thereafter Hitchcock saw the damage to his vehicle. Hitchcock took Kevin Rice with him to report the accident to his insurer. At that time, according to Hitchcock, Rice told the insurer that his father-in-law had lent the truck to Rice’s wife and told her that Kevin Rice was not to use it. Hitchcock testified that Rice stated to his insurer that Kevin knew he was not to use the truck.
The deposition evidences the fact that the vehicle driver, Kevin Rice, was not a resident of the insured’s household at the time of the accident.
The deposition testimony also clearly indicates that on the date of this accident all the parties knew that the vehicle owner, Bill Hitchcock gave permission for the use of his vehicle only to his daughter, Chere Rice, and he expressly instructed her not to allow her husband Kevin to operate the vehicle. Chere Rice violated the express restriction of her father in allowing Kevin to operate the vehicle. Thus, omnibus coverage would be negated unless the circumstances surrounding the second permittee’s use fall within one of the clearly delineated exceptions to the rule.
On the night in question, the vehicle was being used to bring Chere Rice to work and for Kevin to go shopping. This was not for the purpose or benefit of Mr. Hitchcock. Thus, the first exception to the general rule is not applicable.
There is no indication that Hitchcock knew that his daughter, the first permittee, was violating his restrictions in her use of his vehicle. Rather, Hitchcock had every reason to believe his daughter was abiding by his repeated instructions not to allow Kevin to drive his truck. For these reasons, the second exception is also not applicable.
Finally, contrary to plaintiff’s assertions, this is not a case of implied permission. Although Kevin testified that he was not denied permission to drive the truck prior to this accident and that his father-in-law knew he drove the truck without a license, this fact is insufficient to establish implied permission under the facts of this case. That is, permission cannot be implied because Kevin Rice, as well as Bill Hitchcock *1384 and Chere Rice, uniformly agreed and testified that on the date of the accident, Bill Hitchcock restricted the use of his vehicle to his daughter and expressly denied permission to his son-in-law. All parties were aware of this fact, prior to the accident.
Absent expressed or implied permission, there can be no coverage under the omnibus clause of Bill Hitchcock’s liability policy with Allstate Insurance Company. Accordingly, there exists no genuine issue of material fact and the movers were entitled to judgment as a matter of law. The trial court correctly granted Hitchcock and Allstate’s motion for summary judgment and dismissed these parties from this suit, after concluding that Kevin Rice was not an omnibus insured under Bill Hitchcock’s policy with Allstate.
Accordingly, the summary judgment is affirmed, at plaintiff’s costs.
AFFIRMED.