DOMENGEAUX, Judge.
Leland Philyaw filed this suit against Rose Law and Mid-American Indemnity Company for injuries allegedly sustained in a one car accident on January 4, 1987. On that date, Philyaw was riding as a guest passenger in a 1979 Cadillac driven by *84 Rose Law and insured by Mid-American. The named insured for this vehicle in the Mid-American policy was Linda Sweet.
Mid-American filed a motion for summary judgment denying coverage on the grounds that Law was not an omnibus insured on the Sweet policy because she was driving the automobile without the permission of the named insured, Linda Sweet. The trial judge granted this motion, dismissing Mid-American as a defendant in this law suit, and the plaintiff has appealed.
The sole issue presented for our review is whether, based on the pleadings and affidavits filed by the parties, a genuine issue of material fact exists as to whether Rose Law was driving the Cadillac at the time of the accident with the permission of the named insured, Linda Sweet.
In support of its motion for summary judgment, Mid-American offered the affidavit of Linda Sweet, wherein she stated that she owned the 1979 Cadillac involved in the accident, that Rose Law was driving the vehicle on the night in question without her permission, and that Rose Law and Leland Philyaw are not members of her family, nor are they residents of her household.
In opposition to this motion, Philyaw submitted his own affidavit in which he stated that Robert Gamer, who was also a passenger in the vehicle at the time of the accident, was the owner of the Cadillac, that Robert Gamer is the brother of Linda Sweet, and that Robert Gamer gave Rose Law permission to operate the vehicle on January 4, 1987. Philyaw also submitted the answer filed in the record by Rose Law, wherein she alleged that Gamer is the owner of the Cadillac and that Gamer gave her permission to drive the vehicle on that date.
The Mid-American policy on the 1979 Cadillac extends liability coverage for damages “for which any covered person becomes legally responsible because of an accident resulting from the ownership, maintenance or use of your covered auto.” The policy defines covered person, in part, as “any person using your covered auto with your permission.”
For Rose Law to be covered as an omnibus insured under the Mid-American policy, she must have been driving the vehicle at the time of the accident with the actual permission of the named insured. This permission may be express or implied. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970); Hughes v. Southeastern Fidelity Insurance Company, 340 So.2d 293 (La.1976). See also LSA R.S. 32:900(B)(2) which requires a motor vehicle liability policy to cover, in addition to the named insured, “any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured....”
Absent express permission, implied permission generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle. Francois v. Ybarzabal, 483 So.2d 602 (La.1986). Whether an automobile is operated with the express or implied permission of the named insured is to be determined according to the circumstances of the particular case. Malmay v. Sizemore, 493 So.2d 620 (La.1986).
The following facts can be ascertained from the pleadings and affidavits on file. On January 4, 1987, Rose Law was driving the 1979 Cadillac insured by Mid-American westbound on Texas highway SH-21, with Leland Philyaw and Robert Garner as guest passengers. Approximately thirteen miles east of Nacogdoches, Texas, Law fell asleep at the wheel and lost control of the vehicle, which hit a culvert on the side of the road. Law was driving the vehicle at the request of Robert Gamer, who is allegedly the brother of Linda Sweet, the named insured, and who allegedly owns the Cadillac.
The affidavit of Linda Sweet clearly establishes that Rose Law did not have the express permission of the named insured to drive the vehicle. However, this affidavit is silent as to the circumstances under which the named insured, Sweet, surrendered possession of the vehicle to Gamer, *85 Philyaw and Law on the date of the accident. We find the omission of these facts to be significant in light of the allegations in Philyaw’s affidavit and in Law’s answer that Garner is both the brother of Sweet and the owner of the vehicle. If Sweet, the named insured, allowed a first permittee to drive the vehicle under circumstances where it was reasonably forseeable that the first permittee would allow others to operate the automobile, then a second per-mittee is considered to have the implied permission of the named insured. Malmay v. Sizemore, supra, citing W. McKenzie and H. Johnson, 15 Louisiana Civil Law Treatise, Insurance Law & Practice, § 54 (1986).
The instant case can be distinguished from the recent decision of Cook v. Rice, 534 So.2d 1380 (La.App. 4th Cir.1988), wherein the appellate court affirmed the granting of a motion for summary judgment in favor of the insurer on the issue of permission. In reaching that result, the Fourth Circuit had before it facts sufficient to trace possession of the vehicle from the named insured to the driver involved in the accident. In that case, deposition testimony established the first permittee violated the named insured’s express restriction that no one else be allowed to drive the vehicle. Under these circumstances, the Fourth Circuit concluded there existed no genuine issue of material fact as to the second permittee’s status as an omnibus insured. He clearly was not covered.
In this case, the record before us is not as fully developed. The parties have conducted no discovery, and the affidavit submitted by Mid-American in support of its motion contains no facts regarding the issue of implied permission. We must, therefore, conclude that the trial judge erred in finding there exists no genuine issue of material fact as to whether the Mid-American policy covered Rose Law as an omnibus insured and that Mid-American is entitled to judgment as a matter of law.
At trial on the merits, Philyaw, the party seeking to establish coverage under the omnibus clause, will have the burden of proving that Rose Law was operating the vehicle with the express or implied permission of a named insured. Solice v. State Farm Mutual Automobile Insurance Company, 488 So.2d 1159 (La.App. 2nd Cir.1986). However, in this proceeding Mid-American, the mover for summary judgment, has the burden of showing that there is no genuine issue of material fact in dispute. Any doubt must be resolved against the granting of summary judgment and in favor of trial on the merits. Morgan v. Matlock, Inc., 342 So.2d 167 (La.1977).
Given this strict burden of proof, we are convinced that the affidavits submitted by the parties and the pleadings on file do not demonstrate that Mid-American is presently entitled to judgment as a matter of law. Accordingly, the judgment of the trial court granting Mid-American’s motion for summary judgment and dismissing Mid-American as a party to this law suit is hereby reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.