HIGHTOWER, Judge.
Plaintiffs, Jonathan E. Perkins and his parents, seeking to recover for personal injuries and loss of consortium caused by a vehicle accident, appeal an adverse summary judgment denying coverage under the terms of an automobile liability insurance policy. We affirm.
FACTS
This action arises from a one-car accident occurring in Caddo Parish on October 12, 1990, when the driver lost control of a 1989 Camaro. Thomas A. Mosely owned the car, which his son, Michael, age 18, frequently operated. On the day in question, while at a Shreveport nightclub, James McDow obtained permission from Michael to drive the automobile. Upon receiving the keys, he and two other persons departed in the vehicle. Shortly thereafter, the mishap transpired.
Perkins, one of the occupants, together with his parents, instituted suit on March 27, 1991, naming three defendants: Michael; his father’s automobile liability insurer, State Farm Mutual Automobile Insurance Company; and McDow. Later, a jointly filed motion dismissed Michael from the litigation with prejudice. Subsequently, the insurer moved for summary judgment, contending that McDow had not received permission, as contemplated by the insurance policy, to operate the vehicle.
To the motion, State Farm attached a certified copy of its applicable policy, which listed Thomas Mosely as the “named insured” on the declarations page of the contract. The insurance section of that agreement contained the following pertinent language:
Who Is an Insured
When we refer to your car, ... insured means:
[[Image here]]
4. any other person while using such a car if its use is within the scope of consent of you or your spouse;....
The policy further defined “you or your” as the named insured or named insureds shown on the declarations page.
According to State Farm’s motion, no coverage existed inasmuch as McDow never obtained permission to use the vehicle from Thomas Mosely or his wife, as required by the policy. The insurer also filed the depositions of all three of the Moselys. Their testimony confirmed that (1) neither parent provided consent to McDow; (2) Michael had explicit instructions to not let others drive the automobile; and (3) neither *277 the father nor the mother, prior to the accident, had reason to believe that their instructions had been violated. At the conclusion of the hearing on the motion, the trial judge granted summary judgment, dismissing plaintiffs’ demands against the insurer. This appeal followed.
DISCUSSION
Generally, a driver granted operating privileges by a first permittee, contrary to the named insured’s restrictions, does not receive omnibus coverage under a policy similar to the one at hand. See Malmay v. Sizemore, 493 So.2d 620 (La.1986), and authorities cited therein. Nevertheless, in Solice v. State Farm Mutual Auto Ins. Co., 488 So.2d 1159 (La.App. 2d Cir.1986), after recognizing such a rule, this court reviewed three exceptions that, when present, constitute implied consent:
The first is where the actions of the second permittee serve some purpose, benefit or advantage of the named insured. Devall v. State Farm Mutual Ins. Co., supra [249 So.2d 282 (La.App. 1st Cir.1975) ]; Thomas v. Peerless Ins. Co., 121 So.2d 593 (La.App. 2d Cir.1960). The second exception is where the first permittee violates the restriction to the knowledge of the named insured who makes no significant protest. Butler v. Pardue, 415 So.2d 249 (La.App. 2d Cir.1982). The third exception is where despite the express restriction, the facts present a situation where it can reasonably be implied that the named insured nevertheless granted permission to the second permittee, such as in an emergency situation where the first permittee requests that the second permittee operate the vehicle. Brooks v. Delta Fire & Casualty Co., 82 So.2d 55 (La.App. 1st Cir.1955).
Id. at 1162. Essentially, as explained in King v. La. Farm Bureau Ins. Co., 549 So.2d 367 (La.App. 2d Cir.1989), writ denied, 552 So.2d 387 (La.1989), where the original permittee has been restricted from allowing use by others, the inquiry concerns whether the existing circumstances negate that restriction. More specifically, contrary to plaintiffs’ assertions, in such instances the issue is not one of the foreseeability that the first permittee would allow others to operate the vehicle. Id.
In the case sub judice, it is well shown that Michael Mosely’s parents repeatedly told him not to let anyone else drive the car. Obviously, neither Thomas Mosely nor his wife gave express consent to McDow. Nor do we find such approval implied, as envisioned in King, supra. McDow’s use of the Camaro clearly served no purpose, benefit or advantage insofar as the named insured, and no emergency situation existed. Furthermore, the deposition testimony shows that, at the time of the accident, neither parent had any knowledge of their son previously violating their limitations upon the operation of the vehicle.
Consequently, no express consent or exception of implied consent being established, McDow did not become an omnibus insured. Cf. Malmay, supra. Thus, given the principles controlling the granting of summary judgment, see LSA-C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Hartford Acc. & Indem. Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991), the district judge correctly found no genuine issue of material fact existing. It follows, then, that the insurer demonstrated an entitlement to judgment as a matter of law.
CONCLUSION
Accordingly, the summary judgment of the district court, granted in favor of defendant, State Farm Mutual Automobile Insurance Company, is affirmed. Costs of the appeal are assessed against plaintiffs.
AFFIRMED.