SEXTON, Judge.
Plaintiff, E.T. Tobey, individually and as executor of the estate of his son, Robert Drake Tobey, appeals an adverse summary judgment denying coverage under the terms of an automobile liability insurance policy. We affirm.
This action, a companion case to Perkins v. McDow, 602 So.2d 275 (La.App. 2d Cir.1992), arises from the same accident involved in Perkins v. McDow and the issue is identical. This tragic one-car accident occurred in Caddo Parish on October 12, 1990, when the driver, James McDow, lost control of a 1989 Camaro. Thomas A. Mosely owned the car, which his son Michael, age 18, frequently operated. On the day in question, while at a Shreveport nightclub, James McDow obtained permission from Michael Mosely to drive the automobile. Upon receiving the keys, he and two other persons departed in the vehicle. Shortly thereafter, the mishap transpired. At the time the accident occurred, McDow was driving, Jonathan Perkins was a passenger in the front seat, and Robert Tobey was a passenger in the back seat. McDow was speeding over 100 m.p.h. when he lost control of the vehicle, causing it to spin out of control and strike a bridge railing. During the impact, Robert Tobey was ejected from the vehicle and killed.
E.T. Tobey, individually and as executor of the estate of Robert Tobey, instituted suit on July 23, 1991, naming four defendants: Michael Mosely; Thomas Mosely’s (Michael’s father) automobile liability insurer, State Farm Mutual Automobile Insurance Company; James McDow; and McDow’s automobile liability insurer, Loui *708 siana Indemnity Insurance Company. State Farm moved for summary judgment in the instant case contending here, as in Perkins v. McDow, supra, that McDow had not received the requisite permission to operate the vehicle in order for insurance coverage to exist. Specifically, State Farm contends that coverage did not exist inasmuch as McDow never obtained permission to use the vehicle from Thomas Mosely or his wife as required by the terms of the insurance policy.
State Farm attached a certified copy of that applicable policy to its motion. The policy listed Thomas Mosely as the “named insured” on the declarations page of the contract. The insurance section of that agreement contained the following pertinent language:
Who Is an Insured
When we refer to your car, ... insured means:
[[Image here]]
4. any other person while using such a car if its use is within the scope of consent of you or your spouse; ...
The policy further defined “you or your” as the named insured or named insureds shown on the declarations page.
In further support of the motion, State Farm filed the depositions of all three of the Moselys. Their testimony confirmed that (1) neither parent provided consent to McDow; (2) Michael had explicit instructions to not let others drive the automobile; and (3) neither the father nor the mother, prior to the accident, had reason to believe that their instructions had been violated. At the conclusion of the hearing on the motion, the trial court granted summary judgment, dismissing plaintiffs demands against the insurer. This appeal followed.
As we have already noted, the facts and issues in the instant case are identical to those in Perkins v. McDow, supra. Therein, a panel of this court, applying Malmay v. Sizemore, 493 So.2d 620 (La.1986), and Solice v. State Farm Mutual Automobile Insurance Company, 488 So.2d 1159 (La.App. 2d Cir.1986), concluded that McDow had neither express nor implied consent and was therefore not an omnibus insured under the instant insurance policy. We agree with that rationale. Therefore, for the reasons expressed therein, we affirm the summary judgment of the district court in favor of the defendant, State Farm Mutual Automobile Insurance Company, at plaintiff’s costs.
AFFIRMED.