493 So.2d 620 (1986)
James Michael MALMAY, Individually and as Tutor of the Minor, Crystal Francine Malmay
v.
Billy E. SIZEMORE, et al.
No. 85-C-1797.
Supreme Court of Louisiana.
September 8, 1986.
Dissenting Opinion September 10, 1986.
Rehearing Denied October 9, 1986.
*622 John R. D'Anna, Booth, Lockard, Politz, Lesage & Danna, Shreveport, for plaintiff-applicant.
Gordon E. Rountree, Rountree, Cox & Guin, Linda Blackman, G.M. Bodenheimer, Mary L. Coon, Bodenheimer, Jones, Klotz & Simmons, Shreveport, for defendant-respondent.
LEMMON[*], Justice.
The principal issue in this case is whether the automobile liability insurance policy issued to the named insured provided coverage to the driver of a vehicle, owned by the named insured and listed in the policy, when the driver was operating the vehicle with the permission of the named insured's son who was listed on the declarations page of the policy in the numerical designation of operators. We conclude that there was no coverage because the policy expressly provided omnibus coverage only to persons operating the vehicle with the permission of the named insured and within the scope of that permission. The only permission by the named insured shown in this case was restricted permission based on the condition that her son use the vehicle only for a specific purpose and refrain from permitting anyone else to drive the vehicle. We further conclude that any listing of the named insured's son in the numerical designation of operators did not serve to modify or to render ambiguous the specific coverage requirements of the omnibus clause.

Facts
Plaintiffs' decedent was fatally injured in a one-vehicle accident while riding as a passenger in a pickup truck owned by Beverly Heggen and driven by Billy Sizemore. Earlier in the evening, Sizemore had accompanied Craig Heggen, son of the truck's owner, to a night club in the truck. After some time at the club, Sizemore requested and obtained permission from Craig Heggen to use the truck to drive the decedent home. The accident occurred before they reached the decedent's home.
Craig Heggen was twenty years old at the time of the accident and had not resided with his mother for over a year. He owned his own vehicle (although the car was listed in his mother's policy) and was not dependent upon his mother for transportation. He had previously borrowed the truck on several occasions when his car was out of service and had requested use of the truck on this particular occasion to move his belongings into a new apartment.
Beverly Heggen testified that the truck was the vehicle she generally drove and that she had instructed her son never to use the truck without specific permission, never to let anyone else drive the truck, and never to use the truck to go to barrooms and night clubs. She was out of town at the time of the accident, but had given her son permission to use the truck solely for the purpose of moving into the new apartment.
Craig Heggen verified that he was required to obtain permission to use the truck and had been instructed not to let other persons drive the vehicle. He stated that he had obtained permission to use the truck for moving, but decided to use the truck that night because the air-conditioning unit in his car was not operating.
Sizemore testified that he had driven the truck on two previous occasions, but that Beverly Heggen had no knowledge of this fact. He claimed no knowledge of her prohibition against other drivers.
The trial court found that Sizemore's negligence caused the accident and rendered judgment against him.[1] The court further dismissed Beverly Heggen's insurer on the basis that Sizemore did not qualify as an insured under the policy. The court expressly accepted Beverly Heggen's testimony as credible and found that Craig *623 Heggen's loan of the truck to Sizemore was without authority and beyond his limited permission to use the truck for a specific purpose.
On plaintiffs' appeal, the court of appeal affirmed. 474 So.2d 1358. The court concluded that since Craig Heggen, according to his own testimony and that of his mother which was accepted by the trial judge, did not have exclusive dominion over the truck and used it only under restricted permission, there was no implied authority for Craig Heggen to grant Sizemore permission to use the truck. The court further noted that since Beverly Heggen had no knowledge of her son's previous violations of her instructions, her failure to object to the violations did not constitute an implied approval of her son's conduct. We granted plaintiffs' application for certiorari. 477 So.2d 1115.

Implied Permission
The liability insurance policy issued to Beverly Heggen listed three vehicles as owned automobiles, including the truck involved in the accident and the car purchased and regularly used by Craig Heggen. With respect to the three vehicles, the omnibus clause of the policy extended liability coverage as insured persons to "(1) the named insured and any resident of the same household, (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission", and (3) persons vicariously liable for insured persons.[2] (emphasis added). Beverly Heggen was listed in the policy as the named insured.
The issue of whether a person operated an automobile with the express or implied permission of the named insured is to be determined according to the circumstances of the particular case. American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). It is clear that Sizemore was not using the truck with the express permission of the named insured, but plaintiffs contend that the lower courts erred in concluding that Sizemore did not have the named insured's implied permission to use the truck. The record simply does not support this contention.
On the evidence viewed in the light most favorable to the prevailing party in the trial court, a rational trier of fact could have concluded that Beverly Heggen had restricted her permission for her son's use of the truck to moving his belongings, that there was a standing instruction that the son should never let anyone else drive the truck or take the truck to places which serve alcoholic beverages, and that she had no reason to believe her instructions had ever been violated in the past.[3] This evidence formed a reasonable basis for the trial court's conclusion that there was no implied permission by Beverly Heggen for Sizemore's use of the truck.
Since the decisions in Czarniecki and in Hughes v. Southeastern Fidelity Insurance Co., 340 So.2d 293 (La.1976), the courts have generally determined the issue of implied permission (at least in cases in which there was no specific prohibition by the named insured against letting others drive the vehicle) by inquiring whether it was reasonably foreseeable that the first permittee would allow others to operate the automobile. W. McKenzie & H. Johnson, 15 Louisiana Civil Law TreatiseInsurance Law and Practice § 54 (1986). The trial court in the present case could reasonably have concluded that Beverly Heggen had not allowed her son exclusive dominion or general control over the truck and that it was not reasonably foreseeable that her son would allow others to drive the truck. Moreover, there was a reasonable basis for *624 the trial court to conclude that Beverly Heggen had not granted her son discretion to allow others to use the vehicle, as in Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977), and that there had not been a pattern of known usage by others from which tacit approval of her son's lending the truck to others might be inferred, as in Building Specialties, Inc. v. State Farm Mutual Automobile Insurance Co., 440 So.2d 984 (La.App. 3rd Cir.1983).
The separate opinion in Hughes v. Southeastern Fidelity Insurance Co., supra (Tate, J., concurring), suggested that "[i]n terms of the omnibus clause, the `actual operation' of the insured vehicle is `with the permission' of the named insured when he has consented to its use by another and has thus entrusted its custody to another, with the consequent apparent authority (so far as the second permittee is concerned) for that first permittee to permit yet others to drive the vehicle". 340 So.2d at 296. This court, however, has never extended coverage to a second permittee when the named insured has expressly prohibited the first permittee from allowing anyone else to drive the vehicle, even though the second permittee (as in this case) was unaware of the prohibition. Inasmuch as the emphasis in the omnibus clause focuses on the volition and the intent of the named insured and not on the second permittee's perception of the first permittee's authority, we decline to make such an extension in this case in which the named insured's express prohibition and consistent conduct precluded the implication that her permission extended beyond the first permittee.

Designated Operator
Plaintiffs further contend that the listing in the policy of both Beverly and Craig Heggen as "designated operators" constituted an implied authority for Craig Heggen to use the vehicle or to lend it to third persons, regardless of Beverly Heggen's permission. Plaintiffs argue that the policy's failure to define the term "designated operator" indicates that any person listed in the numerical designation of operators may use any listed vehicle without restriction.
The term "designated operator" not only is undefined in the policy, but also is totally absent from the policy. Counsel's use of the term refers to a block on the declarations page of the policy which is titled "Numerical Designation of Operators" and indicates "For Office Use". In that block was typed "01 Beverly J. Heggen" and "04 Craig A. Heggen", along with their driver's license numbers.
The typing in this block should not be given any legal significance, since there are no further references in the policy's terms and conditions to the numerical designation of operators and the block is specifically designated "For Office Use". The policy language regarding coverage based on permissive use is express and explicit, and courts should not indulge in expanding express insurance policy provisions concerning coverage by speculating on the meaning of words which are written on the declarations page of the policy in a section designated for internal office use only. Moreover, there is no apparent reason why a person listed in the numerical designation of operators should be entitled to give permission to use the vehicle when a person who qualifies as an insured under the policy's definition cannot do so because the policy restricts coverage for permissive use to those persons driving with the permission of the named insured. The omnibus clause in effect grants absolute discretion to the named insured to select other insured drivers, but does not give this unlimited discretionary power to any other person.
Plaintiffs' argument that the listing of Craig Heggen in the numerical designation of operators indicated the named insured's intention to give him unrestricted authority to use and lend the listed vehicle appears to be a mere afterthought on appeal following unsuccessful efforts to develop other theories of implied permission at trial. However, there are many reasonable explanations for Beverly Heggen's furnishing this information for internal office use other *625 than that she intended thereby to grant general permission which she had in fact steadfastly withheld.[4]
The effect of accepting plaintiffs' argument in this case would be to make any designated operator a named insured for purposes of omnibus coverage, contrary to the express policy provisions. Because the policy expressly provided that permission to use the vehicle must come from the named insured in order for the driver to be covered, it would be totally unreasonable to construe the policy as providing coverage to one driving with the express or implied permission of a designated operator who is not the named insured.
Finally, plaintiffs contend that the ambiguous provisions of the policy should be construed in favor of coverage. This contention is also based on the lack of a definition of designated operator. However, as noted above, there is no ambiguity in the policy provision pertaining to coverage based on permissive use, and the lack of a definition of the words "Numerical Designation of Operators" does not create any ambiguity relating to coverage based on permissive use.
Accordingly, the judgments of the lower courts are affirmed.
CALOGERO, J., dissents.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
Craig Heggen, who was listed as an operator of the pickup truck owned by his mother in his mother's insurance policy, had possession of the truck and ostensible authority to authorize others to use it. When a young adult is given possession and use of a vehicle, it can be easily foreseen that friends may wind up using the vehicle. Billy Sizemore was driving the truck with the permission of Craig Heggen. Sizemore had driven the truck on two previous occasions and had no knowledge that his use of the truck was without the permission of the owner. What difference does it make to the deceased passenger, or the motoring public, that there was some private limitation on young Heggen's authority? Under these circumstances, there is coverage under Beverly Heggen's insurance policy on the truck.
I respectfully dissent.
NOTES
[*] Blanche, J., retired, participated in this case ad hoc in place of Cole, J., the matter having been heard and submitted before Justice Cole replaced Justice Blanche on the Court.
[1] The judgment against Sizemore is now definitive. He was not insured at the time.
[2] La.R.S. 32:900 requires that an owner's policy of motor vehicle liability insurance "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured...."
[3] Counsel's argument in this court that Mrs. Heggen's testimony was unreasonable and unbelievable was rejected by the trial court in an essentially factual determination that is not manifestly erroneous.
[4] If one were to speculate on the writing in the block, it would be much more reasonable to expect that the information was related to premium ratings. The absence of names for operators nos. 2 and 3 perhaps indicates that two family members previously covered by the policy were no longer members of the household.