DOMENGEAUX, Chief Judge.
This is a suit brought by June Lancon Southern, widow of Richard Southern, against State Farm Mutual Automobile Insurance Company (hereinafter State Farm) for the death of her husband who was killed in a one-car accident on October 16, 1984. The plaintiff sought to recover $2,000.00 under the medical payments coverage on an automobile policy issued by State Farm to Paula Wagner.
The defendant, in its answer, denied plaintiff’s claim for coverage based on the fact that the decedent had not obtained permission to drive the vehicle and, therefore, was not covered under the omnibus clause of the policy.
After a trial on the merits, the district judge found that the decedent had used the vehicle without permission and, for that reason, denied the relief sought by the plaintiff.
The plaintiff has appealed.
It is important to set out the factual history of this case in order to determine the relationships of the parties involved. The automobile in the single unit accident was a 1983 Toyota Cressida, which was registered and insured in the name of Paula Wagner. Paula Wagner died in April of 1984 and was survived by Paul Wagner, her only son. Not long after Paula’s death, Paul discussed selling the automobile to Joseph “Chammy” Roberts.[1] Paul agreed to allow Chammy to use the vehicle until Paul was recognized as sole surviving heir of Paula’s estate and title could be transferred in his name, whereupon he could then transfer the title over to Chammy. With respect to the automobile insurance, Paul never notified State Farm of Paula’s death and he paid her renewal premium after her death with a check drawn from her checking account.
Chammy Roberts and the decedent, Richard Southern, were both employed by Arrow Construction at the time of the automobile accident. While Chammy had possession of the Toyota which had once belonged to Paula, he allowed the decedent on two to four occasions to use the automobile either to pick up his wife or to go home and change clothes. On October 16, 1984, the decedent took the Toyota without asking Chammy’s permission and was fatally injured when he ran into an oak tree situated off the highway.
The specific question to be resolved in this case is whether the omnibus clause of the insurance policy issued in Paula Wagner’s name provided coverage for Richard Southern under the circumstances.
The omnibus clause of the policy provides, in pertinent part:
*1351 “Who Is an Insured
When we refer to your car, a newly acquired car or a temporary substitute car, insured means:
1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;
4. any other person while using such a car if its use is within the scope of consent of you or your spouse; ...”
Although Paula Wagner was the named insured, the fact that she had passed away, coupled with the fact that her only son, Paul, had taken control of the automobile prior to her death and had seen to it that the premiums were paid, places Paul "... in the position of the named insured clothed with all his authority and rights under the policy.” See American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969).
There is no question, and State Farm does not contend otherwise, that Chammy Roberts, the first permittee, had permission to use the automobile. He, therefore, was covered under the omnibus clause of the insurance policy. The question which remains is whether the decedent, as second permittee, was using the automobile within the scope of consent of Paul Wagner.
In Hughes v. Southeastern Fidelity Insurance Company, 340 So.2d 293 (La.1976), the Supreme Court, faced with the same issue of whether a second permittee had permission to drive the named insured’s automobile, stated:
“In American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), this court analyzed the question of implied permission for the second per-mittee (Coleman) in terms of whether it was foreseeable that the first permittee (Cates) would allow someone else to drive when the named insured (Andrews) give [sic] his permission to the first per-mittee. In addition, ‘each case must depend upon the facts and circumstances revealed there.’ American Home Assurance Co. v. Czarniecki, supra; Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961).”
In the instant case, we must look to the facts of the relationship between the first permittee, Chammy Roberts, and the second permittee, the decedent. Chammy testified that he and the decedent were co-employees of Arrow Construction and they worked the same twelve-hour shift on a seven (days on) and seven (days off) schedule. Chammy also testified that he allowed the decedent to use the Toyota “[pjrobably two or three, four times.... ” According to Chammy’s testimony, each time the decedent borrowed the automobile prior to the date of his death, he asked and was granted permission by Chammy to use it. Chammy further stated that on the date of the accident, he had not seen the decedent nor had he spoken to him about using the automobile.
In Czarniecki, supra, the court failed to find that the second permittee had permission to use the named insured’s automobile. The automobile in question was purchased and maintained by the stepson, Randy, but the insurance was issued in the stepfather’s name. The court placed Randy in the position of named insured by virtue of his ownership and maintenance of the vehicle and the fact that the stepfather permitted him to use the vehicle with no restrictions.
The court then looked at the particular facts which are briefly stated here. Hans, a friend of Randy, planned to double date with his friend Charley on the date the accident occurred. Hans borrowed Randy’s car when he discovered his car was inoperable. Randy agreed, but had not been told that Charley, whom he did not know, would be doubling with Hans. While out at a party, Charley told Hans that his date had to be home early. Hans allowed Charley to use Randy’s car to take his date home. Charley was involved in an accident upon returning to the party.
The court in Czarniecki, supra, concluded that the use of the automobile by Hans was clearly within the permission of Randy. The court, however, held that it was not reasonably foreseeable that Hans would allow Charley to drive the automo *1352 bile and denied coverage to Charley as an insured under the omnibus clause. The court further stated:
“And, particularly, there is no evidence indicating Randy could expect that Hans would let someone Randy did not know borrow and drive his car. We are unprepared to take judicial cognizance of a custom which would support such a finding....”
In the instant case, we find that it was not foreseeable that Chammy Roberts would allow the decedent to drive the car when Paul loaned the automobile to Chammy. Prior to the accident, the decedent consulted Chammy each time before using the Toyota. Although Chammy never refused the decedent, we cannot say that the decedent could have implied that Chammy would have permitted him to use it on the date of the accident.
Inasmuch as we find no permission, either express or implied, was given to the decedent to use the automobile, we hold that he was not an insured under the omnibus clause of the insurance policy issued by State Farm.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal to be assessed to the plaintiff.
AFFIRMED.

. It is apparently State Farm’s contention that the agreement between Paul Wagner and Chammy Roberts to sell the automobile was actually a completed sale, in that the parties had an agreement as to price ($11,000.00) and as to an object (the 1983 Toyota Cressida). La.C.C. Art. 2456. State Farm takes this position in order that we may find no coverage based upon no notification of change of ownership which would be a violation of the policy. Regardless of whether a sale of the automobile was consummated, a point we need not reach, our result in this case would be the same.