615 So.2d 312 (1993)
Jonathan E. PERKINS, Daniel Perkins, and Georgia Jones Perkins
v.
James Woodrow McDOW, Jr., et al.
E.T. TOBEY, individually and as Executor of Estate of Robert Drake Tobey
v.
James Woodrow McDOW, Jr., Michael Mosely, Louisiana Indemnity Insurance Company, and State Farm Mutual Automobile Insurance Company, In Solido.
Nos. 92-C-2192, 92-C-2709.
Supreme Court of Louisiana.
February 22, 1993.
*314 William F. Kendig, Jr., Rice, Fowler, Kingsmill, Vance, Flint & Booth, for applicant.
Michael Hubley, Hicks & Hubley, Marshall R. Pearce, Lunn, Irion, Johnson, Salley & Carlisle, for respondent.
HALL, Justice.[*]
The issue presented in these consolidated cases is whether the driver of an automobile involved in a fatal accident was using the vehicle with the permission of the named insured as contemplated under the omnibus clause of an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company. More specifically, the issue is whether the named insured's son who had virtually exclusive use and control of the automobile, could provide that permission even though he had been told by his parents not to loan the car to anyone.
State Farm relies on the policy provision which defines who is insured as "any other person while using such a car if its use is within the scope of consent of you or your spouse...." State Farm contends that since "you and your" is defined to include only the named insured, Thomas Mosely, and not his son Michael, that James McDow, the driver, did not have the permission of the named insured and therefore, is not covered by the policy.
The plaintiff argues that since Michael was given exclusive control and use of the automobile and allowed McDow to use the car, McDow had implied permission of the named insured to use the automobile and is an omnibus insured.
The trial court granted State Farm's motions for summary judgment in both cases. Two separate panels of the court of appeal affirmed on the theory that there was no express or implied permission since Michael Mosely was told not to lend the car to others. Perkins v. McDow, 602 So.2d 275 (La.App.2d Cir. 1992), Judge Brown dissenting; Tobey v. McDow, 605 So.2d 707 (La. App.2d Cir. 1992). We granted the plaintiffs' writ applications, 607 So.2d 546 (La. 1992), and now reverse.

I.
On October 12, 1990, a one-car accident occurred in Caddo Parish when James McDow, the driver of a 1989 IROC Camaro, lost control of the vehicle due to excessive speed and struck a bridge railing. The Camaro was owned by Thomas Mosely, and he was the named insured on the policy issued by State Farm. The car, however, was used almost exclusively by the Moselys' 18-year-old son, Michael Mosely. After attending a high school football game and while at a Shreveport bar, James McDow obtained Michael Mosely's permission to use the automobile to drive to a bank machine in Bossier City. At the time of the collision, McDow was the driver of the automobile and Jonathan Perkins and Robert Tobey were passengers. Robert Tobey was killed and Jonathan Perkins was injured in the accident.
Two suits were filed as a result of the accident. Jonathan Perkins and his parents sued naming Michael Mosely, State Farm, and McDow as defendants. Michael Mosely has been dismissed with prejudice from this suit. E.T. Tobey, individually and as executor of the estate of Robert Tobey, also sued naming Michael Mosely, State Farm, McDow and McDow's insurer as defendants. State Farm filed motions for summary judgment claiming that McDow was not operating the vehicle with the express or implied permission of the named insureds under the omnibus clause of the policy. Along with the motions, State Farm attached the insurance policy, *315 and the depositions of Mr. and Mrs. Mosely and Michael which indicated that Mr. and Mrs. Mosely had not given McDow permission to operate the vehicle and that Michael was told not to loan his car to anyone. The trial court granted State Farm's motions for summary judgment. The judgments in both cases were affirmed on appeal, with the court relying on the restriction that the Moselys had placed on their son in finding that McDow did not have their express or implied consent to drive the automobile.

II.
The applicable provisions in State Farm's policy of automobile liability coverage provide:
You or Yourmeans the named insured or named insureds shown on the declarations page....
Who Is an Insured
When we refer to your car, ... insured means: ...
4. any other person while using such a car if its use is within the scope of consent of you or your spouse;...
The question is, therefore, whether James McDow was using the car with the consent of Mr. or Mrs. Mosely. The depositions indicate that Michael went with his father to the dealership and selected the 1989 Camaro himself and was the primary driver of the vehicle. His parents noted that Michael did not like them to drive it. The automobile was purchased so that Michael would have a way back and forth to school, but it was available to him anytime he wanted to use it and he used it to go to school, to go to golf practice, and to go on dates. Michael testified that he referred to the Camaro as his car and it was understood by him and his parents that it was his car. The Moselys testified that they warned Michael when they gave him the keys to the automobile and several times thereafter not to loan it to any of his friends. However, more enlightening is the following excerpt from Michael's deposition testimony:
Q. ... Did you feel that you were able to give him [McDow] the keys to the vehicle, reasonably able to do that, and had authority reasonably to do that?
A. That's right....
Q. ... When you first started driving, did your parents talk to you about driving or what you could or couldn't do?
A. They just told me not to speed, not to loan my car out. I guess that's what all parents say. [Emphasis added.]
Applicable principles of law have been developed by prior decisions of this court dealing with permission and consent under the omnibus clause of liability insurance policies. A plaintiff who seeks to establish coverage under the omnibus clause of an automobile liability policy must prove the vehicle was being used with the express or implied permission of the named insured. Francois v. Ybarzabal, 483 So.2d 602 (La.1986).
Coverage is extended under the omnibus clause so long as the operator of the vehicle had the named insured's permission to use the vehicle, regardless of whether its use at the time of the accident was within the contemplation of the named insured at the time permission was granted, and even when a deviation is in violation of specific instructions of the insured. Parks v. Hall, 189 La. 849, 181 So. 191 (1938); Waits v. Indemnity Insurance Co. of North America, 215 La. 349, 40 So.2d 746 (1949); Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744 (1950). This liberal initial permission rule was motivated by a desire to not only protect the operator of the automobile from liability but also to protect persons injured by the operator. Dominguez, supra; LSA-R.S. 22:655.
As to second permittees, permission to drive given to one person does not necessarily give that person authority to allow another to drive. To have coverage under the omnibus clause, the driver of the vehicle must have the permission of the named insured. Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961). Permission of the named insured may be implied, depending on the facts and circumstances of the particular case. The question of implied permission is determined by whether it was reasonably foreseeable that the *316 first permittee would allow someone else to drive the automobile. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). Where the named insured gives permission to another to use the car as his own, the possibility that the permittee might allow another to drive the car is clearly foreseeable. Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293 (1976). Thus, since the decisions in Czarniecki and Hughes, the courts have generally determined the issue of implied permission (at least in cases where there is no specific prohibition by the named insured against letting others drive the vehicle) by inquiring whether it was reasonably foreseeable that the first permittee would allow others to operate the automobile. Malmay v. Sizemore, 493 So.2d 620 (La. 1986); W.S. McKenzie & H.A. Johnson, 15 Louisiana Civil Law Treatise-Insurance Law and Practice, § 54 (1986).
Where there is a restriction by the named insured against the first permittee allowing others to drive, implied permission generally is not found to exist, but has been found to exist in a variety of circumstances including emergency situations, where the restriction had been violated to the named insured's knowledge without objection, and where the use was for the benefit of the named insured, See King v. Louisiana Farm Bureau Ins. Co., 549 So.2d 367 (La.App.2d Cir.1989) and Solice v. State Farm Mut. Auto. Ins. Co., 488 So.2d 1159 (La.App.2d Cir. 1986), and cases cited therein.
When a named insured advises his children not to let others drive their cars but grants express permission to the child to lend a vehicle under certain non-specific circumstances and invests that permittee or insured with discretion to determine when those circumstances exist, he cannot thereafter complain when the discretion is exercised and a second permittee is allowed to use the vehicle. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).
Where the named insured gave conditional and restricted permission to her adult son who did not live with her to use her truck only for a specific purpose and to refrain from permitting anyone else to drive the vehicle, there was no omnibus coverage for the driver who was given permission by the son to drive the truck to take someone home from a night club. This court has never extended coverage to a second permittee when the named insured has expressly prohibited the first permittee from allowing anyone else to drive the vehicle, even though the second permittee was unaware of the prohibition. The focus of the omnibus clause is on the volition and intent of the named insured. Malmay, supra.

III.
Even where there is an admonition against allowing others to drive, the central test remains whether it is reasonably foreseeable that the original permittee would allow someone else to drive. Each case is to be determined under its own facts and circumstances.
An admonition by the named insured to a permittee not to let anyone else drive the car is not, by itself, determinative of whether the use of the car by someone else is within the omnibus coverage of the policy, that is, with the implied permission or consent of the named insured. The admonition must be viewed in the context in which it is given, particularly considering the relationship of the named insured with the initial permittee and the relationship of the permittee to the car.
Hopeful admonitions or aspirations placed on a child by a parent who has given the child primary, general and regular use of an automobile differ substantially from an express prohibition placed on someone given conditional consent to use the automobile for a specific, limited purpose as in Malmay, supra. Additionally, discretion is generally implied in any such admonition by a parent to a child to whom primary or exclusive use of a car is given. The jurisprudence clearly recognizes that such discretion is implied in emergency situations or where the use of the automobile by someone else benefits the named insured. *317 And once such discretion is recognized, the exercise of discretion of the child to allow someone else to drive cannot be complained of. Morgan, supra.
Therefore, when the general and regular use of an automobile is given by the named insured to an adult child living in the household, who himself is an insured under the policy, it is reasonably foreseeable that the adult child will, on occasion, allow someone else to drive the car, regardless of an admonition by the parent named insured to not let anyone else drive it. Under these circumstances, the use of the automobile by the permittee of the child should be considered as being with the permission of the name insured, or couched in the language of the State Farm policy, within the scope of consent of the named insured.
We realize that this decision today may be considered as somewhat broadening previous decisions dealing with second permittees and restrictions placed on first permittees not to let others drive the insured vehicle. However, to hold otherwise would allow the scope of liability insurance coverage under the contract between the named insured and the insurance company to be altered and reduced by casual, private, intra-family conversation never intended to have such a result and which generally must be reconstructed after the accident has taken place.
We hold that where the auto was furnished to the named insured's adult son, living in the household, for his virtually exclusive use, and such use is without restriction except for general, broad admonitions to be careful, don't go too fast, and don't let anyone else drive the car, it was reasonably foreseeable that the son would, on occasion for a variety of reasons under a variety of circumstances, allow someone else to drive the car. Such admonitions should be regarded as precatory, merely advisory or instructional, not as commands or restrictions. Certainly, such admonitions among family members are not calculated or intended to alter insurance coverage or legal relationships under the contract of liability insurance or to abrogate liability insurance written for the protection of the automobile driver and the public who may be negligently injured by the driver of the automobile.

IV.
The judgments of the trial court sustaining State Farm's motions for summary judgment, as affirmed by the court of appeal, are reversed and the cases are remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WATSON, J., concurs in the results with reasons.
WATSON, Justice, concurring.
These cases serve to point out the mischief caused by the permissive user provisions of automobile liability policies. Witness the maze of exceptions and qualifications which the majority discusses.
Francois v. Ybarzabal, 483 So.2d 602 (La.1986), which I authored, illustrates the problems created.
The solution would be to hold that the permissive use clause is contrary to public policy. Louisiana statutory law requires that all vehicles have liability coverage and the denial of coverage on the basis of familial prohibitions, reconstructed post-accident, is wrong. The possible exception might be when a vehicle is stolen and the driver is a thief. The holding of Francois v. Ybarzabal that plaintiff must prove that the vehicle was being used with the express or implied permission of the named insured should be overruled.
In the present case, I respectfully concur in the result.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Calogero, C.J. was not on the panel which heard and decided this case. See the footnote in State v. Kip Barras, et al, 615 So.2d 285, decided on this date.