| iBROWN, Judge,
dissenting.
In Perkins v. McDow, 615 So.2d 312 (La. 1993), the supreme court held that an insurance policy’s omnibus clause covered the situation where an adult child living in the household of the named insured allowed a friend to drive the vehicle. In so holding, the court stated:
An admonition by the named insured to a permittee not to let anyone else drive the car is not, by itself, determinative of whether the use of the car by someone else is within the omnibus coverage of the policy, that is, with the implied permission or consent of the named insured. The admonition must be viewed in the context in which it is given....
Perkins, supra at 316. When there is an admonition against allowing others to drive, the test is whether it is reasonably foreseeable that the original permittee would allow someone else to drive. Id.
Based on its finding that Shane Aeree had limited access to the car, the trial court concluded that the Aerees could not have reasonably foreseen that Shane would lend the car to another person. The facts of the case do not support this finding.
Shane was allowed to use the vehicle occasionally; however, he had to seek permission first. Shane’s father and stepmother both testified that Shane was not to allow anyone else to drive the vehicle or drink while driving and he had a specific time by which he had to be home. The Aerees were not sure that these warnings were repeated each time Shane took the car or whether they were repeated on the night of January 7, 1989. Additionally, the testimony establishes that Shane, on at least one occasion prior to January 7, 1989, had violated the Aerees’ instructions and had allowed Danny Knight to drive the vehicle.
On the night of the accident, Shane had gotten the vehicle to go on a date. However, the date was broken and Shane picked up a friend, Danny Knight. The boys then went riding around. They “cruised” and talked to friends and eventually |2met some girls. Shane gave Danny permission to use the ear to run a quick errand with one of the girls.
Under the facts of this case, the trial court erred in finding that it was not reasonably foreseeable that Shane would allow someone else to drive the vehicle. I respectfully dissent.