I2PRICE, Judge Pro Tern:
The sole issue presented on this appeal by an automobile liability insurer is whether the driver who negligently caused an accident drove with the implied permission of the owner to provide coverage under the omnibus clause of the policy.

FACTS

The negligent driver in this situation was 20-year-old Kevin P. Miles, who was driving an Isuzu pickup truck belonging to Ronald Shirley and insured by Safeway Insurance Company. This vehicle was furnished by Shirley to his 21-year-old son, Darius Shirley, for his exclusive use. Darius Shirley and Kevin Miles were long-time friends and school mates and in the fall of 1992 they attended Northwestern State University together. As Ronald Shirley was a widower who resided in rural Winn Parish with only his 14-year-old son living with him, he invited Darius and Kevin to move into his residence so they could commute to school in Natchitoches. At this time, Kevin also had a truck and they used his vehicle part of the time until it became disabled. After approximately six months, they both left school and sought employment, but continued to reside in the home with Ronald Shirley. Kevin had *1283 no operable vehicle at this time and relied entirely on Darius for transportation.
Ronald Shirley had given Darius instructions not to let anyone else drive the Isuzu truck which he furnished Darius and specifically told him not to let Kevin use the truck, as Shirley was under the impression that since 13Kevin was not a relative, he would not be covered under his insurance policy.
On April 13, 1993, Darius and Kevin drove into Winnfield to the recreation center to pick up Darius’ younger brother after a baseball game. While there, Darius decided that he and his brother would ride with Darius’ girl friend and Kevin would drive the Isuzu track to pick up an employment application on his way home.
While on this mission Kevin collided with the vehicle driven by one of the plaintiffs in these consolidated tort actions and in which the plaintiff in the other consolidated suit was a guest passenger. The trial court rendered judgment against Kevin Miles and Ronald Shirley’s liability insurer, Safeway Insurance Company, finding that Miles’ negligence was the sole cause of the accident and that he was an insured under Ronald Shirley’s insurance policy. The trial court’s finding of negligence on the part of Kevin Miles and the court’s awards of damages for plaintiffs in each suit are not before us on this appeal by Safeway Insurance Company.
DISCUSSION
Safeway contends that its policy did not afford coverage to Kevin Miles under the omnibus clause as the insured owner, Ronald Shirley, in giving permission to his son Darius to have full use of the insured vehicle, gave specific instructions for him not to allow Miles to drive the vehicle.
Safeway’s policy with Ronald Shirley provides:
Persons Insured. The following are insureds [ ]:
(a) With respect to the owned automobile, (1) the named insured,
14(2) any other person using such automobile to whom the named insured has given permission, provided the use is within the scope of such permission. ...
This clause is typically referred to as an “omnibus clause.” A plaintiff who seeks to establish coverage under the omnibus clause of an automobile liability policy must prove the vehicle was being used with the express or implied permission of the named insured. Perkins v. McDow, 615 So.2d 312, 315 (La.1993).
The “initial permission” rule applies to persons using a vehicle with the named insured’s permission. The initial permission rale provides that the operator (“first permittee”) of a motor vehicle is covered under the omnibus clause so long as the operator had the named insured’s permission to use the vehicle, regardless of whether the operator’s use of the vehicle was within the contemplation of the named insured at the time permission was granted, and even where the use is in violation of specific instructions of the named insured. Perkins, supra; Parks v. Hall, 189 La. 849, 859, 181 So. 191, 194 (1938). The party alleging coverage must establish the fact of initial use with permission by a preponderance of the evidence. Norton v. Lewis, 623 So.2d 874, 876 (La.1993).
This case presents a “second permit-tee” scenario, that is, the situation where the first permittee allows another to drive the automobile. In this situation the general rule still holds that the party alleging coverage must prove that a non-owner user operated the vehicle with the named insured’s express or implied permission. Francois v. Ybarzabal, 483 So.2d 602, 605 (La.1986). Courts may imply the named insured’s permission for the third Rparty to drive the automobile, depending on the facts and circumstances of the particular ease. Perkins, supra. Permission is implied where it is reasonably foreseeable that the first permit-tee would allow someone else to drive the vehicle. Perkins, supra; American Home Assur. Co. v. Czarniecki, 255 La. 251, 263, 230 So.2d 253, 257 (1969).
Where the first permittee is only granted use of a vehicle for a specific, limited purpose, and the named insured warns the first *1284 permittee not to let another drive the vehicle, the courts have refused to find coverage, even where the second permittee is unaware of the restriction. See Malmay v. Sizemore, 493 So.2d 620, 624 (La.1986).
Where the first permittee is allowed to use the vehicle as his own, and the named insured does not prohibit the first permittee from allowing others to drive, the possibility that the first permittee might allow another to drive is clearly reasonably foreseeable. Perkins, supra; Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293, 294 (La.1976). Still, there is no coverage where the third-party driver uses the vehicle without the first permittee’s express or implied consent. Francois, supra; Southern v. State Farm Mut. Auto. Ins. Co., 496 So.2d 1349, 1352 (La.App. 3d Cir.1986).
Where the first permittee is allowed to use the vehicle as his own, but the named insured instructs the first permittee not to allow others to drive, courts generally do not find implied permission. See Perkins, supra. However, an admonition by the named insured to a permittee not to let anyone else drive the car is not, by itself, determinative of whether the use of the ear by someone else is within the omnibus coverage of the policy, |gthat is, with the implied permission or consent of the named insured. Id.; Panzico v. Price, 26,232, p. 4 (La.App.2d Cir. 5/10/95), 658 So.2d 1310, 1312-13, writ denied, 95-1453 (La.9/29/95), 660 So.2d 853. The admonition must be viewed in the context in which it is given, particularly considering the relationship of the named insured with the initial permittee and the relationship of the permittee to the car. Perkins, supra. The central test remains whether it was reasonably foreseeable that the first permittee would allow another to drive. Id. Each ease is determined under its own facts and circumstances. Id.
When the general and regular use of an automobile is given by the named insured to an adult child living in the household, who himself is an insured under the policy, it is reasonably foreseeable that the adult child will, on occasion, allow someone else to drive the ear, regardless of an admonition by the parent named insured to not let anyone else drive it. Perkins, supra. Under these circumstances, the second permittee’s use is considered as being with the permission of the named insured. Id. As the Perkins Court noted, “such admonitions among family members are not calculated or intended to alter insurance coverage or legal relationships under the contract of liability insurance or to abrogate liability insurance written for the protection of the automobile driver and the public who may be negligently injured by the driver of the automobile.” Id.
In this case, Darius Shirley had access to the pickup truck in question any time he needed it, without having to ask permission. His father Ronald Shirley had the exclusive use of another vehicle.
Lin spite of the fact that Ronald Shirley had cautioned Darius not to let Kevin Miles drive the truck, we nonetheless find coverage under the omnibus clause for two reasons. First, as developed above, the grant of primary and general use to a first permittee implies discretion, even in the face of the named insured’s admonitions to let no one else drive the vehicle. Second, the only explanation Ronald Shirley offered for specifically forbidding Kevin Miles to drive was that Miles, as a non-family member, would not be covered by Shirley’s liability policy.
• Safeway seeks to distinguish Perkins v. McDow, arguing that in Perkins the named insured cautioned the first permittee with only broad, general admonitions not to let another drive the car. Safeway argues that because Ronald Shirley had on several occasions specifically told Darius that Kevin Miles was not to drive the truck, Kevin Miles could not have had Mr. Shirley’s “implied permission” when he took the truck from Darius.
We do not find the circumstances shown herein to support Safewa/s position. While it is true that the named insured in Perkins v. McDow issued only vague, general admonitions not to let another drive the insured vehicle, Ronald Shirley’s prohibition must be viewed in its peculiar context. His testimony shows that he mistakenly believed that only family members were covered by his liability *1285 policy -with Safeway. This mistaken belief is the only justification he offered for not allowing Kevin Miles to drive the truck. There is no indication Ronald Shirley would not have allowed Miles to drive the vehicle had he understood that coverage extended to. anyone driving the vehicle with his permission.
[gKevin Miles had no “operable” vehicle of his own at the time of the accident. He lived in Ronald Shirley’s home, an arrangement Shirley himself suggested. Shirley explained that after his wife’s death he needed both Darius and Kevin to live with him to look after his 14-year-old son while he was at work. Miles apparently was Darius Shirley’s constant companion. Darius Shirley had free access to the truck whenever he needed to go anywhere. It is noteworthy that Ronald Shirley answered a question on cross examination as follows:
Q. So, in other words, it would be a true statement that somewhere in the back of your mind you reasonably foresaw that at some point Darius would probably let Kevin drive that truck if he lived with you. Is that true?
A. Most probably.
Under these facts, it was reasonably foreseeable that Darius Shirley would, at some point, allow Kevin Miles to drive the vehicle, despite Ronald Shirley’s admonitions to the contrary.
The question of “implied permission” for the purposes of an omnibus clause is determined by whether it was reasonably foreseeable that the first permittee would allow someone else to drive the vehicle. Perkins, supra. The reasonable foreseeability test remains the central inquiry even when there is an admonition against allowing others to drive the insured vehicle. Id. Because it was reasonably foreseeable that Darius Shirley would allow Kevin Miles to drive the truck, we find that Kevin Miles drove the truck with Ronald Shirley’s implied permission and therefore was an insured under the omnibus clause of Ronald Shirley’s contract with Safeway.
|9The trial court did not err in finding coverage under the policy. We affirm the judgment at appellant’s cost.
AFFIRMED.
BROWN, J., concurs with written reasons.