| xBARRY, Judge,
dissenting with reasons.
The majority holds that an unauthorized driver of a rental car is covered under that driver’s liability policy issued by Allstate. The policy protects an insured person in connection with the use of an insured auto, which is defined in pertinent part as a non-owned vehicle used with the owner’s permission.[1]
The majority interprets “owner’s permission” with reference to the omnibus provisions of the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851 et seq., relying upon the interpretation and underlying purpose of La. R.S. 32:900 (B)(2). In doing so, the majority does not distinguish between coverage under an operator’s policy, La. R.S. 32:900 (C), and the omnibus coverage mandated in La. R.S. 32:900(B)(2).
La. R.S. 32:900 provides in pertinent part:
A. A “Motor Vehicle Liability Policy” as said term is used in this Chapter, shall mean an owner’s or an operator’s policy of liability insurance, certified as^provided in R.S. 32:898 or 32:900 as proof of financial responsibility, and issued except as otherwise provided in R.S. 32:899, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.
B. Such owner’s policy of liability insurance: ...
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles..., subject to limits [as enumerated in this Section]....
(C) Such operator’s policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner’s policy of liability insurance.
An omnibus clause expands the term “insured” to include as an insured any other person using the vehicle with the permission or consent of the named insured. Hearty v. Hams, 574 So.2d 1234, 1238 (La.1991); Mercadel v. Tran, 92-0798 (La. App. 4th Cir. 3/29/94), 635 So.2d 438, 440. The omnibus provision of the Louisiana Motor Vehicle Safety Responsibility Law is § 900 (B), not § 900 (C). See Hearty v. Harris, 574 So.2d at 1240 n. 19, stating: “We add that unlike La. R.S. 32:900(B), which requires omnibus coverage in ‘owner’s’ policies, La. R.S. 32:900(0, dealing with ‘operator’s’ policies, does not refer to or require omnibus coverage.”
*1193 Therefore, although the interpretation of “permission” under omnibus coverage might be persuasive, I think the majority errs by equating Allstate’s provision for a non-owned vehicle with omnibus coverage under an owner’s liability policy.
Analogy to the omnibus provision does not necessarily support the majority’s Igconclusion.
“Permission” in an omnibus clause is broadly construed to further the policy of compensating and protecting innocent accident victims. Norton v. Lewis, 623 So.2d 874, 875 (La.1993). For instance, courts have repeatedly applied the “initial permission” rule:
Once permission, whether express or implied, to use a motor vehicle is established it is given a wide and liberal meaning in determining coverage. So long as the initial use of the vehicle is with the consent, express or implied, of the insured, any subsequent changes in the character or scope of the use do not require additional specific consent of the insured; coverage will be precluded only where the deviation from the use consented to amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the vehicle.

Id.

“Permission” is not so broad as to “second permittees”, where permission given to one person does not necessarily give that person authority to allow another to drive. The rule as to second permittees seems more analogous to this case than does the initial permission rule.
To have coverage under the omnibus clause, the driver of the vehicle must have the permission of the named insured. ... Permission of the named insured may be implied, depending on the facts and circumstances of the particular case. The question of implied permission is determined by whether it was reasonably foreseeable that the first permittee would allow someone else to drive the automobile.
... Where the named insured gives permission to another to use the car as his own, the possibility that the permittee might allow another to drive the car is clearly foreseeable. ... Thus, .. .the courts have generally determined the issue of implied permission (at least in cases where there is no specific prohibition by the named insured against letting others drive the vehicle) by inquiring whether it was reasonably foreseeable that the first permittee would allow others to operate the automobile. ...
Where there is a restriction by the named insured against the first permittee allowing others to drive, implied permission generally is not found to exist....
_|⅜Perkins v. McDow, 615 So.2d 312, 315-16 (La.1993). Perkins held that when the named insured gives general and regular use of an automobile to an adult child living in the household, the use of that automobile by the permittee of the child is reasonably foreseeable and deemed to be with the permission of the named insured. Id. at 317.
The non-owned vehicle provision of the Allstate policy requires the owner’s permission. Because Alamo is the owner of the car, the rental agreement between Alamo and Moore is relevant to the scope of Moore’s permitted use under that agreement, and relevant to whether it was reasonably foreseeable that Moore would allow another person to drive. Moore was the only authorized driver.
Plaintiff Simms argues that Allstate must provide coverage to Butler (its insured) “for damages arising out of the use by him of any motor vehicle not owned by him. ” La. R.S. 32:900 (C). Very few cases cite § 900 (C) (six cite § 900 (C) in majority or dissenting-opinions), and none prohibit the insurer from requiring the owner’s permission as a condition to coverage of a non-owned vehicle. For example, Martin v. Willis, 584 So.2d 1192 (La.App. 2d Cir.1991), writ den. 590 So.2d 589 (La.1992), considered whether there was coverage where the named insured was driving a non-owned car with the owner’s permission under § 900 (C). Because the policy excluded coverage for damages while driving a car owned by or furnished for the regular use of the insured or a resident member of the family, and the car was owned by the insured’s son who was a resident of the household, Martin upheld the exclusion.
*1194 The ease is significant because the court did not strike the non-owned vehicle provision, although it required the owner’s permission.
Hearty v. Harris, 574 So.2d at 1240 indicates that the operator of a vehicle is not necessarily required to purchase coverage under § 900 (C).
IsProof of financial responsibility is required of operators [as opposed to owners] only if a judgment against them arising out of a previous accident is unsatisfied or if they have been convicted of violating one of certain named offenses. [La. R.S. 32:871 et seq.] Thus, unless an insured operator has by previous conduct brought himself within the purview of the LMVSRL [Louisiana Motor, Vehicle Safety Responsibility Law], he is not required to carry liability insurance, nor does any voluntary “automobile liability policy” which he may choose to purchase have to contain particular provisions required by La. R.S. 32:900.
Thus, § 900 (C) does not mandate unrestricted coverage to an insured while driving a non-owned vehicle without the owner’s permission.
I respectfully dissent.

. The pertinent provision of the Allstate policy only insures a non-owned auto if the insured uses it with the owner’s permission. The policy
protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto.
"Insured Persons” includes:
(2) While using a non-owned auto: (a) you, (b) any resident relative using a four wheel private passenger auto or utility auto.
"Insured Autos” includes:
(4) A non-owned auto used by you or a resident relative with the owner's permission.... [Emphasis added.]