THIBODEAUX, Chief Judge,
dissenting.
LA first or second permittee pursuant to an omnibus clause of an insurance policy must generally prove that a vehicle was being used with the express or implied permission of the named insured in order to secure coverage under the policy for one’s delictual acts. Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (La.1961). Whether the operation of the vehicle is *60 reasonably foreseeable is the test for express or implied permission of the named insured. Perkins v. McDow, 615 So.2d 312 (La.1993). Thus, under the circumstances of this case, was it reasonably foreseeable that Lauren Carter had the permission of her mother, Carla Stewart, to drive this vehicle? I think so. It is clear that Ms. Stewart had the regular, if not daily, use of her employer’s truck and that the truck was regularly housed at Ms. Stewart’s residence. Ms. Carter, the driver of the truck, lived with her mother. Under these circumstances, I believe Ms. Carter’s use of the Ambar Drilling Fluids’ truck can be reasonably considered as being with the permission of Ambar and within the scope of consent of the named insured, Ambar.
The omnibus clause in the policy at issue covered “[a]nyone else while using with your permission a covered ‘auto’ you own, hire or borrow....” As the Líate Justice Tate opined, “[i]f the initial permission is so given by the named insured, the actual operation of the automobile is with his permission, whether by the first permittee or instead by a second permittee to whom the first permittee entrusted the use of the vehicle.” Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293, 295 (La.1976) (Tate, Justice, concurring).
It is axiomatic that insurance policies should be interpreted so as to permit, not deny, coverage. This sentiment is in accord with the strong statutorily-emphasized public policy of this State that:
... all liability policies within their terms and limits are executed for the benefit of all injured persons, and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
La.R.S. 22:655(D). Thus, in my view, any restriction on the permissive use clause in an insurance contract is contrary to public policy. See, e.g., Perkins v. McDow, 615 So.2d at 317 (Watson, J., concurring).
For the foregoing reasons, I respectfully dissent.